

*lez,* 922 F.2d 1044, 1050 (2d Cir.1991); *United States v. Donley,* 878 F.2d 735, 740 (3d Cir.1989), *cert. denied,* 494 U.S. 1058, 110 S.Ct. 1528, 108 L.Ed.2d 767 (1990).

■ Here, too, we conclude that Congress did not intend the penalties set in section 3581(b) to apply to offenses that received letter grades for the first time in section 3559(b). Section 3581(b)'s penalties apply only to offenses that are assigned letter classifications in the statutes describing them. Because Congress has continued to specify maximum penalties without reference to letter-grade classifications, however, section 3581(b) has not yet had any crimes upon which to operate. *See* Crime Control Act of 1990, Pub.L. 101–647, §§ 322 & 1701, 104 Stat. 4789, 4818 & 4843 (1990).[3]

■ Section 3559(b), on the other hand, applies to statutes, like the pre-existing statute defining bank robbery, that provide a specific maximum sentence in the statute describing the crime. Thus, the plain language of section 3559(b) states that all of the incidents of the letter grading system shall apply *"except that* the maximum term of imprisonment is the term authorized by the law *describing the offense"* (emphasis added).

Congress, at least up to now, has not implemented the letter-grade system contemplated by section 3581(b). It follows that section 3581 is inapplicable to the existing bank robbery offense.[4] This construction follows from the statutes and Congress's continuing practice of specifying maximum sentences in crime legislation. It is also in accord with the decisions of two other circuits and the views of the Sentencing Commission.[5]

AFFIRMED.

UNITED STATES of America, Plaintiff–Appellee/Cross–Appellant,

v.

Dion FLOYD, Defendant–Appellant/Cross–Appellee.

Nos. 89–50295, 89–50305.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 14, 1991.*

Decided Feb. 4, 1992.

Alan T. Launspach, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant/cross-appellee.

Barbara A. Curry, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee/cross-appellant.

Before NORRIS and THOMPSON, Circuit Judges, and KING, Senior District Judge.**

---

**3.** According to the United States Sentencing Commission, Congress has abandoned its plan to assign existing federal crimes letter-grade sentencing classifications. *Questions Most Frequently Asked About the Sentencing Guidelines,* Volume IV, p. 8 (Dec. 1, 1990). The Commission's position, of course, cannot serve as evidence of the intent of Congress. We find the Commission's interpretation to have persuasive value, however, because of its experience and familiarity with the federal criminal laws.

**4.** Because section 3581 has no letter-grade crimes upon which to operate, the direction of

section 3551(b)(3) to sentence in accord with section 3581 is equally ineffectual.

**5.** Because there is no ambiguity, Schiffbauer's attempt to invoke the rule of lenity must fail. *See Moskal v. United States,* — U.S. —, 111 S.Ct. 461, 465, 112 L.Ed.2d 449 (1990).

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

** Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

The Opinion filed on September 25, 1991 inadvertently omitted Case No. 89–50305. 945 F.2d 1096 (9th Cir.).

**Philip CABALLERO, Plaintiff–Appellant,**

v.

**CITY OF CONCORD; Concord Police Dept.; R. Perryman; R. Maccaro, Defendants–Appellees.**

No. 90–16089.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 1991.

Decided Feb. 5, 1992.