976 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lee La Shon WALLACE, Defendant-Appellant.
 No. 91-30370.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 18, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lee La Shon Wallace appeals his convictions, following a jury trial, for possession with intent to distribute cocaine in violation of 18 U.S.C. § 841(a)(1) (count I), and possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (count II). He contends that the evidence was insufficient to support his convictions. Wallace also appeals his sentence under the United States Sentencing Guidelines. He argues that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I. Sufficiency of Evidence
 
 3
 Wallace waived his right to challenge the sufficiency of evidence because his counsel did not move for a judgment of acquittal at the end of the trial. See United States v. Floyd, 945 F.2d 1096, 1098 (9th Cir.1991), amended on other grounds, 956 F.2d 203 (9th Cir.1992). Consequently, we review only for plain error to prevent a miscarriage of justice. United States v. Winslow, 962 F.2d 845, 850 (9th Cir.1992); United States v. Lai, 944 F.2d 1434, 1440 (9th Cir.1991), cert. denied, 112 S.Ct. 947 (1992).
 
 
 4
 To prove constructive possession, the government must show that the defendant had " 'sufficient dominion and control to give him the power of disposal.' " United States v. Hernandez, 876 F.2d 774, 778 (9th Cir.), cert. denied, 493 U.S. 863 (1989) (quoting United States v. Castillo, 866 F.2d 1071, 1086 (9th Cir.1989)); accord United States v. Smith, 962 F.2d 923, 929 (9th Cir.1992). Circumstantial evidence can establish both knowledge and possession. Hernandez, 876 F.2d at 778. Uncorroborated testimony of an individual associated with the crime is "enough to sustain a conviction unless it is incredible or unsubstantial on its face." Lai, 944 F.2d at 1440 (citing United States v. Lopez, 803 F.2d 969, 973 (9th Cir.1986) (accomplice's contradictory testimony was not incredible on its face where jury was aware of the challenges to his credibility and found him believable), cert. denied, 481 U.S. 1030 (1987)).
 
 
 5
 To prove a violation of section 924(c)(1), the government must show that: (1) "the firearm at issue was 'related to,' or played some role in, the underlying crime; and (2) the defendant 'used' or 'carried' the firearm." United States v. Torres-Medina, 935 F.2d 1047, 1048-49 (9th Cir.1991) (footnote omitted); accord United States v. Martinez, 967 F.2d 1343, 1346 (1992).
 
 
 6
 At Wallace's jury trial, DeAnn Washington and Sandra London, government witnesses, and Anchorage Police Officer David Koch testified to the following facts. Washington drove to a house where Wallace sold drugs. Wallace, who had cocaine rocks in a large ziplock bag inside his jacket pocket, sold Washington four rocks for one hundred dollars. Washington smoked the rocks and observed approximately eight to ten other individuals purchase drugs from Wallace. After Washington finished smoking the rocks, she asked Wallace to give her an additional four rocks on credit, which he did. Shortly thereafter, an argument ensued between Wallace and London, another drug customer. Wallace slammed London against a wall and demanded seventy-five dollars, which she owed him. After forcing London to sit on a couch, Wallace walked to a back bedroom and sold rocks to several other customers. He reemerged from the bedroom waving a gun as he shouted at London. Eventually, London managed to call her husband who phoned the police.
 
 
 7
 After police officers arrived, Officer Koch patted down Wallace and found three wads of cash totalling $1,992. No weapon was found on Wallace. Officer Koch left the residence to obtain a search warrant. When Officer Koch returned, Wallace had left the house. Using a narcotics-trained dog, officers searched the residence and found a ziplock baggie which contained 15 grams of cocaine base in the form of 118 rocks. Officers also found a Davis Arms .380 automatic gun with five rounds in the magazine, two glass pipes with white residue, scales, baking soda and other drug paraphernalia. The officers then proceeded to Wallace's residence and conducted a consensual search. Officers found a Davis Arms box, a pistol box, a .380 gun, and a box of Remington .380 ammunition. Officers arrested Wallace the next day.
 
 
 8
 Wallace contends the evidence is insufficient because it is based almost exclusively on the uncorroborated testimony of Washington and London. He argues that their testimony was incredible on its face because: (1) Washington and London have prior criminal convictions involving lying; (2) their testimonies at trial were inconsistent with each other; and (3) they admitted to being drug addicts. We have previously considered similar arguments and rejected them. See Lai, 944 F.2d at 1440; Lopez, 803 F.2d at 973; see also Martinez, 967 F.2d at 1346 ("we must defer to the jury's assessment of credibility"). In addition, Wallace's possession of $1,992 in cash, and the firearm and ammunition found in his residence also raises an inference of constructive possession. See Hernandez, 876 F.2d at 778; Castillo, 866 F.2d at 1086.
 
 
 9
 In light of the evidence, we hold that a rational jury could have found Wallace committed the crimes for which he was convicted. See Martinez, 967 F.2d at 1347; Castillo, 866 F.2d at 1088.
 
 II. Cruel and Unusual Punishment
 
 10
 "We review de novo the legality of a district court's sentence under the eighth amendment." United States v. Bland, 961 F.2d 123, 129 (9th Cir.1992).
 
 
 11
 Ordinarily, a sentence which does not exceed the statutory maximum will not be overturned on Eighth Amendment grounds. United States v. McDougherty, 920 F.2d 569, 576 (9th Cir.1990), cert. denied, 111 S.Ct. 1119 (1991). Nevertheless, we consider three factors in determining the constitutionally of a sentence within the statutory penalty: "(1) the gravity of the offense and harshness of the penalty; (2) the comparison with sentences imposed on other criminals in the same jurisdiction; and (3) where appropriate, the comparison with sentences imposed for commission of the same crime in other jurisdictions." Id. (citing Solem v. Helm, 463 U.S. 277, 290-92 (1983)).
 
 
 12
 Here, Wallace was also convicted of being a felon in possession of a firearm (count III) and making a false statement in connection with the acquisition of a firearm (count IV). The presentence report indicated that 25 grams of rock cocaine were involved. Wallace's applicable sentencing range for count I was 110 to 137 months imprisonment. Counts II through IV required mandatory consecutive sentences of 60 months imprisonment. The district court sentenced Wallace to 120 months imprisonment on count I followed by consecutive sentences of 60 months imprisonment on each remaining count to run concurrently. Wallace contends that his sentence of 180 months imprisonment is so excessive as to constitute cruel and unusual punishment. We disagree.
 
 
 13
 The Supreme Court recently held that a life sentence without the possibility of parole for a defendant convicted of possession of more than 650 grams of cocaine did not violate the Eighth Amendment. See Harmelin v. Michigan, 111 S.Ct. 2680, 2706 (1991); see also Martinez, 967 F.2d at 1348 (forty year sentence for defendant convicted of possession of one kilogram of cocaine, a machinegun and a firearm did not violate the Constitution); United States v. Van Winrow, 951 F.2d 1069, 1071 (9th Cir.1991) (upholding life sentence without parole for a defendant convicted of possession with intent to distribute 151.9 grams of cocaine).
 
 
 14
 In light of Harmelin, Martinez and Van Winrow, Wallace's fifteen-year sentence for a drug offense and various firearm violations does not violate the Eighth Amendment.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Wallace's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3