983 F.2d 1079
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leon G. MERCULIEFF, Defendant-Appellant.
 No. 92-30147.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 14, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leon Merculieff appeals his sentence, imposed under the United States Sentencing Guidelines ("Guidelines"), following his conviction by guilty plea for second degree murder in violation of 18 U.S.C. §§ 1111 and 1153. Merculieff claims the district court erred by departing upward from the Guidelines range for "extreme conduct" and "more than minimal planning." We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We recently articulated a three-part test for evaluating a district court's decision to depart from the presumptively applicable Guidelines range. United States v. Lira-Barazza, 941 F.2d 745, 746-47 (9th Cir.1991) (en banc). First, we determine de novo whether the district court identified an aggravating circumstance of a kind or to a degree not adequately taken into account by the Sentencing Commission. Id. at 746. Second, we review for clear error the district court's factual findings supporting the existence of the aggravating circumstance. Id. Third, we review for abuse of discretion whether the extent of the departure was "unreasonable." Id. at 747; see also United States v. Floyd, 956 F.2d 203 (9th Cir.1992). "A sentence ... can be 'reasonable' even if some of the reasons given by the district court to justify the departure from the presumptive guideline range are invalid, provided that the remaining reasons are sufficient to justify the magnitude of the departure." Williams v. United States, 112 S.Ct. 1112, 1121 (1992). U.S.S.G. § 5K2.8 authorizes an upward departure when the defendant's conduct is "unusually heinous, cruel, brutal, or degrading to the victim." In an assault, "waiting to commit the offense when no witnesses were present would not alone constitute more than minimal planning. By contrast, luring the victim to a specific location ... would consitute more than minimal planning." U.S.S.G. § 1B1.1(f).
 
 I. Extreme Conduct
 
 4
 Merculieff argues the district court erred by departing upward from the appropriate Guidelines range for "extreme conduct" pursuant to U.S.S.G. § 5K2.8. We disagree. Here, Merculieff and his codefendant, Longtree, followed the victim, Harvey Wise Spirit, to a wooded area, where they punched and kicked him while he cried for help and for mercy, offered them his watch and a check for a thousand dollars. Merculieff also jumped on Wise Spirit and grabbed him by the hair and chin and tried to break his neck. The defendants then hit Wise Spirit on the head with a four-foot length of telephone post until his face was obliterated, rolled his body to take five dollars from his pocket, took his beer and left. Longtree then returned and jumped on Wise Spirit until he urinated and defecated on himself. The defendants followed him originally, they said, to get his beer. They did not plan to murder him.
 
 
 5
 The Guidelines explicitly authorize an upward departure for "extreme conduct." Moreover, the record amply supported the finding that Merculieff's conduct was extreme. Thus, we discern no clear error. Finally, we see no abuse of discretion in the extent of the departure, which increased appellant's exposure from 108-135 months to 151-188 months. See Lira-Barraza, 941 F.2d at 751.
 
 II. More Than Minimal Planning
 
 6
 The district court increased appellant's sentence for more than minimal planning because it found appellant had lured the victim to a sheltered spot before assaulting him. Appellant argues he did not lure, but followed, Wise Spirit to the wooded area.
 
 
 7
 No one beside the defendants witnessed the crime. The government's evidence that Wise Spirit's murder involved "more than minimal planning" is a statement from Longtree's sister, Vonnie Brown, who testified based on the defendants' account of the crime that they had lured Wise Spirit to the site of the crime. The defendants and everyone else they had told about killing Wise Spirit recounted that the defendants had followed, not lured, him.
 
 
 8
 We decline to resolve these conflicts in the evidence. The district court stated that "the major reason for the departure ... [was] the extreme conduct" (ER at 81), and we are satisfied that that reason alone was sufficient to justify the three-level departure imposed here. See Williams, 112 S.Ct. at 1120.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3