985 F.2d 577
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carl Lee WRIGHT, Defendant-Appellant.
 No. 92-50294.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 1, 1993.*
Decided Feb. 4, 1993.
 
 1
 Before BEEZER, BRUNETTI and DAVID R. THOMPSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Carl Lee Wright appeals his sentence imposed by the district court under the United States Sentencing Guidelines. We affirm.
 
 I.
 
 4
 Appellant was indicted on five counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a)(d) (1992). He pled guilty to three of those counts, and was sentenced to 210 months incarceration, followed by a three year period of supervised release. Appellant objects to this sentence on two grounds.
 
 II
 
 5
 First, appellant argues the district court improperly sentenced him under the "career offender" category of the Sentencing Guidelines. The district court determined that appellant was a career offender based on two prior convictions for crimes of violence. These convictions, a 1981 robbery and a 1985 robbery, both resulted from guilty pleas entered by appellant.
 
 
 6
 The 1985 conviction, argues appellant, should not have been used as a predicate for his career offender classification because that conviction was constitutionally infirm. In support of this claim, appellant complains that the transcript of the hearing at which he pled guilty does not contain a description of the elements of the offense (robbery) to which pled.
 
 
 7
 Appellant bears the burden of proving, by a preponderance of the evidence, that the predicate conviction is unconstitutional. United States v. Newman, 912 F.2d 1119, 1122 (9th Cir.1990). Appellant has established that the record of his guilty plea colloquy in connection with the 1985 conviction does not reflect an explicit discussion of the elements of the crime of robbery. This is not a sufficient basis in this case, however, upon which to declare that conviction invalid.
 
 
 8
 "The Supreme Court has assumed, without deciding, that notice of every element of the offense is not required." Newman, 912 F.2d at 1124 (quoting Henderson v. Morgan, 426 U.S. 637, 647 n. 18 (1976)). It is therefore not necessary that the record show every element of the crime was explained to appellant. Id. We need only be satisfied that the appellant understood the nature of the charge to which he pled guilty. Id.; see also Henderson, 426 U.S. at 647.
 
 
 9
 Here, we are so satisfied. There is no contention that appellant suffers from an unusually low mental capacity ( Cf. Henderson, 426 U.S. at 647). Appellant was represented by defense counsel at the 1985 plea hearing and indicated that he had consulted with his counsel concerning the plea. See Newman, 912 F.2d at 1124. Furthermore, appellant had a prior criminal history consisting of a conviction on the identical crime of robbery--the 1981 conviction. See id. In that 1981 proceeding, as the district court herein found, appellant was explicitly apprised of the elements of the crime of robbery.
 
 
 10
 These facts strongly indicate that appellant was fully aware of the nature and elements of the crime of robbery when he pled guilty to that charge in 1985. We therefore conclude that appellant has not shown the 1985 conviction to be defective, and the district court did not err in considering that conviction.
 
 III.
 
 11
 Appellant also claims the district court erred as a matter of law in "failing to recognize that it had the discretion to depart downward under the Sentencing Guidelines." According to appellant, the court should have so departed based upon appellant's "youthful lack of guidance" under United States v. Floyd, 945 F.2d 1096 (9th Cir.1991) amended, 956 F.2d 203 (9th Cir.1992).
 
 
 12
 A district court's legal determination that the Sentencing Guidelines do not permit a requested departure will be reviewed de novo "if the court indicates it would otherwise have departed." United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, 113 S.Ct. 234 (1992). This is not the case here for two reasons.
 
 
 13
 First, the transcript of the sentencing proceeding reveals that the district court made no such determination. It is apparent from the record that the court was cognizant of its authority to depart downward on this basis, but declined to do so. It is at bottom that decision to which appellant objects.
 
 
 14
 In addition, the court made no indication that it was inclined to depart downward based upon appellant's youthful lack of guidance. Our inquiry, therefore, focuses on the district court's decision not to make the requested departure.
 
 
 15
 "[A] district court's discretionary decision not to depart downward from the Guidelines is not subject to review on appeal." United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990). Appellant is therefore not entitled to relief on this ground.
 
 IV.
 
 16
 For the above stated reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3