990 F.2d 1262
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Gene EIRVEN, Defendant-Appellant.
 No. 90-50502.
 United States Court of Appeals, Ninth Circuit.
 March 8, 1993.
 
 Before WIGGING, KOZINSKI and KLEINFELD, Circuit Judges.
 MEMORANDUM*
 Larry Eirven appeals his sentence for bank robbery. We address his obstruction of justice argument in a separate published opinion. We deal with all his remaining arguments in this memorandum.
 
 I. Ineffective Assistance of Counsel
 
 1
 Eirven alleges his trial lawyer "fail[ed] to present available mitigating information during the sentencing stage and to adequately research the law and prepare a specific plea agreement." Appellant's Brief at 40. This, he contends, constituted ineffective assistance of counsel. Eirven doesn't explain what mitigating information wasn't presented, in what manner the trial lawyer failed to adequately research the law, or why the failure to prepare a specific plea agreement constituted ineffective assistance.
 
 
 2
 To succeed with an ineffective assistance of counsel claim on direct appeal, a defendant must point to errors or omissions in the record which show that counsel's performance was deficient and that the deficient performance prejudiced the defendant. United States v. Christoffel, 952 F.2d 1086, 1090 (9th Cir.1991), cert. denied, 112 S.Ct. 1700 (1992). Eirven hasn't done this.
 
 II. Express Threat of Death
 
 3
 Eirven contends the district court erred in giving him a two-point enhancement for express threat of death under U.S.S.G. § 2B3.1(b)(2)(D) (1989).
 
 
 4
 According to the Presentence Report, Eirven shouted "shoot him, shoot him" to his accomplice as a security guard was chasing them. Presentence Report at 1. Eirven claims he never said these words, but the guard said he did. Appellant's Brief at 20. The district court's finding of this fact isn't clearly erroneous. See United States v. Howard, 894 F.2d 1085, 1087 (9th Cir.1990).
 
 
 5
 Eirven also argues that, even if he said "shoot him, shoot him," this wasn't an express threat of death. First, he argues the enhancement shouldn't apply because the threat came after he'd gotten the money, and U.S.S.G. § 2B3.1(b)(2)(D) app. note 8 "states that ... 'express threat of death' ... means using the threat in order to receive money," Appellant's Brief at 20. Unfortunately for Eirven, the application note states nothing of the sort. The examples in the application note all involve demands for money, but they're only examples. Moreover, U.S.S.G. § 1B1.3(a)(1) requires that the court apply enhancements for all acts done "in the course of attempting to avoid detection or responsibility for [the] offense."
 
 
 6
 Eirven argues his statement wasn't an express threat of death because the security guard wasn't a "victim" of the robbery, a dubious proposition in any event. But even assuming the security guard wasn't a "victim," U.S.S.G. § 2B3.1(b)(2)(D) isn't limited to threats to victims, and U.S.S.G. § 1B1.3(a)(1) requires the court to consider threats made while fleeing.
 
 
 7
 U.S.S.G. § 2B3.1 app. note 8 does say that enhancement is proper when the offender did things "that would instill in a reasonable person, who is a victim of the offense, significantly greater fear than that necessary to constitute an element of the offense of robbery." But this doesn't limit the scope of section 2B3.1 to victims: It only points out that whether or not the words are threatening must be determined with reference not to a reasonable average person, but to a reasonable victim of the crime.
 
 
 8
 Finally, Eirven argues the threat didn't "instill significantly greater fear" in the guard "than that necessary to constitute an element of the offense of robbery." Eirven points out that the guard kept following them even after Eirven's threat, Presentence Report at 1, and that the guard had noticed that what Eirven's accomplice pretended was a gun was actually only a pen, id. But the application note 8 test doesn't depend on whether the victim was actually afraid; it depends on whether the defendant's conduct would make a reasonable person afraid. The guard's courage, and his perspicacity in noticing that Eirven's accomplice was faking the gun--which didn't preclude the accomplice's having a gun somewhere else on his person--are irrelevant to whether the threat was an express threat of death.
 
 
 9
 III. Failure to Consider Addiction and Childhood Mistreatment
 
 
 10
 Eirven contends the district court should have departed downward from the applicable guideline range in light of Eirven's untreated drug addiction and his childhood mistreatment. Appellant's Brief at 28. But a district court's decision not to depart downward is not reviewable. E.g., United States v. Morales, 898 F.2d 99, 102-03 (9th Cir.1990); see also United States v. Garcia-Garcia, 927 F.2d 489, 490 (9th Cir.1991) (district court has no obligation to specifically address whether it had discretion to depart); cf. United States v. Roe, 976 F.2d 1216, 1218 n. 1 (9th Cir.1992) (though district court's conclusion that it couldn't exercise its discretion to depart is reviewable, the district court's discretionary decision not to depart isn't reviewable). United States v. Floyd, 945 F.2d 1096 (9th Cir.1991), amended, 956 F.2d 203 (9th Cir.1992), which the defendant relies on, says merely that the district court may consider lack of youthful guidance in departing downward; Floyd didn't say the court must consider it.
 
 
 11
 Eirven also argues the district court should have considered Eirven's addiction and unfortunate childhood in sentencing within the appropriate guideline range. Appellant's Brief at 28. But a district court's discretionary decision on a sentence within the applicable range is also unreviewable. United States v. Pelayo-Bautista, 907 F.2d 99, 101 (9th Cir.1990).
 
 IV. Miscalculation of Criminal History
 
 12
 Eirven contends the district court miscalculated his criminal history by counting four prior misdemeanor offenses, Case Nos. S12166, S16390, S16995, S16512. Appellant's Brief at 15-16. He presents absolutely no reason why Case No. S12166 shouldn't be counted. He argues that the other three should not be counted under U.S.S.G. § 4A1.2(c)(1)(A) because they resulted in less than 30 days in jail and in summary probation (which he contends, without citation to any authority, shouldn't be counted as normal probation for § 4A1.2(c)(1)(A) purposes). His argument is totally frivolous. Case No. S16995 resulted in 45 days jail. Case No. S16390 was subsequently excluded from his criminal history calculation. Addendum to Presentence Report at 2. Case No. S16512 resulted in 3 years nonsummary probation.
 
 V. Breach of Plea Agreement
 
 13
 Eirven and the government agree that the prosecutor erred by recommending that the district court sentence Eirven to the middle of the guideline range: They point out that the prosecutor should have recommended the low end of the guideline range, which was the deal made in the plea agreement. Presentence Report at 11. We therefore vacate the sentence and remand for resentencing. United States v. Fisch, 863 F.2d 690, 690-91 (9th Cir.1988).
 
 VI. Conclusion
 
 14
 We remand to the district court for resentencing. The prosecution should, consistently with the plea agreement, recommend a sentence on the low end of the guidelines range. For the reasons stated in the published opinion, the district court should also not treat the defense's argument that Eirven's criminal history was improperly calculated as obstruction of justice.
 
 REMANDED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3