990 F.2d 1261
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian David BAGWELL and David Alexander Medina, Defendants-Appellants.
 Nos. 92-30140, 92-30141.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1993.*
Decided April 13, 1993.
 
 Before WRIGHT, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bagwell and Medina robbed a bank. A gun was used by another of the robbers and the tellers were terrified. Appellants pleaded guilty, but appeal their sentences. They challenge the district judge's refusal to depart downward from the guidelines on the basis of their youth and because their conduct constituted "aberrant behavior." We affirm.
 
 
 3
 I. Facts.
 
 
 4
 On November 6, 1991, appellants Brian Bagwell and David Medina, along with codefendants Oscar Jones and Cocoa Adams, robbed the National Bank of Alaska in Anchorage. During the robbery, defendant Adams brandished a firearm while the others gathered money from various teller stations. The four robbers then exited the front door and left in a blue Isuzu Impulse. They were apprehended later that day. At the time of the robbery Bagwell was nineteen years old, and Medina was twenty.
 
 
 5
 Appellants Bagwell and Medina pleaded guilty pursuant to plea agreements on January 10, 1992. Their sentencing hearing was held on March 17, 1992. At the hearing before District Judge Holland, Bagwell's attorney urged the court to sentence his client to "the very least amount of time possible," and stressed that the "offense was one that was committed on impulse, in a short period of time, and required very little by way of preparation." ER 10. He specifically requested that Bagwell's "supervised conditions of release, such as they are imposed, be fashioned to ensure that he is given every opportunity for exposure to and participation in academic programs designed to lead him toward achievement of a college education." ER 11-12. Bagwell's counsel did not specifically request a downward departure from the applicable guidelines range.
 
 
 6
 Appellant Medina's attorney argued that to impose a sentence at the low end of the guidelines range, i.e., fifty-seven months, would be a "travesty of justice," and a downward departure was appropriate in this case. Counsel based his argument for departure on our decision in United States v. Floyd, 945 F.2d 1096, 1099 (9th Cir.1991), amended by 956 F.2d 203 (9th Cir.1992), where we upheld a downward departure from the guidelines based on mitigating circumstances amounting to "youthful lack of guidance." Counsel also cited a provision of the guidelines, U.S.S.G. § Ch. 1, Pt. A Intro § 4(d), that refers to departure for "aberrant behavior," and he commented: "This is one of those cases, I believe, that fell through the cracks that the Commission had not anticipated." ER 17.
 
 
 7
 After hearing from the defendants and their attorneys, Judge Holland made some remarks before imposing sentences. He stated:
 
 
 8
 You're all young men. I wish that I had some alternative means of dealing with you rather than treating you as ordinary, regular adults which, let's face it, you are. I say again, though, I really do wish I had some other means like a Federal Youth Correction Act that we used to have. I'm not sure that it went up to your age, but it got awfully close to it if it didn't. I really don't like the idea of putting you fellows into the same institution that all of the other people that have bad records go into, but I simply--I don't have that option.
 
 
 9
 Your youth is something that Congress and the Sentencing Commission has in substance told me doesn't matter, you've got to abide by the same rules as older folks, and I'm obligated to live with that, even though I personally think that we might have a better system.
 
 
 10
 * * *
 
 
 11
 Finally, ... the Floyd case that has been mentioned and the so-called youthful lack of guidance basis for a departure.... I can depart if I become convinced that someone has had such a horrible upbringing that we ought to deal less harshly with them.
 
 
 12
 .... I'm not going to attempt to reduce the guideline sentence for any of you because of your youthful situation. I think all of you had the wherewithal to do what was right here and, unfortunately, you all chose the wrong way, and that's a choice you had, but you're going to have to pay for it.
 
 
 13
 ER 24-26 (emphasis added). Judge Holland then imposed sentences of fifty-seven months imprisonment, the low end of the applicable guidelines range, for all four defendants.
 
 
 14
 II. Analysis.
 
 
 15
 Appellants argue that Judge Holland incorrectly determined that he lacked authority to depart downward in sentencing (1) on the basis of appellants' youth, and (2) on the grounds that their constituted "aberrant behavior."
 
 
 16
 Generally, we will not review a district court's discretionary decision not to depart from the guidelines unless the court based its decision on a legal determination that the guidelines prevented departure. United States v. Brown, No. 92-50247, slip op. 1117, 1120 (9th Cir. Feb. 10, 1993). A sentencing court's silence regarding whether it had authority to depart is not sufficient to indicate that it believed it lacked discretion to depart. Id. at 1121.
 
 
 17
 Appellants claim that the district court had legal authority to depart on the basis of defendants' youth under Sentencing Guideline § 5H1.1, which provides:
 
 
 18
 Age (including youth) is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. Age may be a reason to impose a sentence below the applicable guideline range when the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration. Physical condition, which may be related to age, is addressed at § 5H1.4....
 
 
 19
 U.S.S.G. § 5H1.1 (1991). Appellants argue that Judge Holland made an incorrect legal determination that he lacked authority under this provision to make a downward departure.
 
 
 20
 Judge Holland plainly recognized "I can depart downward," ER 26, for "youthful lack of guidance," and he considered appellants' "aberrant behavior" argument. He decided after careful consideration not to depart downward. He correctly recognized that appellants' youth, by itself, does not justify a sentence below the guideline minimum. His expression of regard for the "Federal Youth Correction Act that we used to have," together with his articulation of the Floyd standard and explanation of his reasoning shows an appreciation of the scope of his discretion and of the present state of the law. His discretionary decision not to depart is not subject to appellate review. See Brown at 1120; United States v. Garcia-Garcia, 927 F.2d 489, 490 (9th Cir.1991).
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3