993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Santiago CEJA-NAVARRO, Defendant-Appellant.
 No. 92-10558.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.
Decided May 14, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Santiago Ceja-Navarro appeals his convictions, following a jury trial, for conspiracy to distribute cocaine and distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846. Ceja-Navarro argues that the evidence was insufficient to support his convictions. Ceja-Navarro also claims that he received ineffective assistance of counsel because his trial counsel failed to move to sever his trial from his codefendant. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Sufficiency of Evidence
 
 
 4
 Ceja-Navarro waived his right to challenge the sufficiency of evidence by failing to renew his motion for judgment of acquittal at the end of the trial. See United States v. Floyd, 945 F.2d 1096, 1098 (9th Cir.1991), amended on other grounds, 956 F.2d 203 (9th Cir.1992). Consequently, we review only for plain error to prevent a miscarriage of justice. United States v. Lai, 944 F.2d 1434, 1440 (9th Cir.1991), cert. denied, 112 S.Ct. 947 (1992).
 
 
 5
 "To prove a conspiracy, the government must show (1) an agreement (2) to engage in criminal activity and (3) one or more overt acts in furtherance of the conspiracy." United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.), cert. denied, 493 U.S. 863 (1989). The agreement can be implied from the facts and circumstances of the case. Id. To prove distribution, the government must show knowing possession of a controlled substance with intent to distribute. 21 U.S.C. § 841(a)(1). Possession of large amounts of drugs may alone be sufficient to support both a finding of knowing possession and intent to distribute. United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.), cert. denied, 488 U.S. 943 (1984). Additionally, the uncorroborated testimony of an individual associated with the crime is "enough to sustain a conviction unless it is incredible or unsubstantial on its face." Lai, 944 F.2d at 1440; accord United States v. Lopez, 803 F.2d 969, 973 (9th Cir.1986), cert. denied, 481 U.S. 1030 (1987).
 
 
 6
 At jury trial, Drug Enforcement Administration Agent Richard McConnell and a confidential informant (CI) testified to the following facts. The CI contacted Agent McConnell with information regarding two individuals, Ceja-Navarro and codefendant Hernandez-Romero, involved in drug trafficking. The CI indicated that Ceja-Navarro ran the drug operation. The CI also stated that he had seen Ceja-Navarro with "lots of drugs." Agent McConnell and the CI arranged a drug deal with Ceja-Navarro and Hernandez-Romero at a laundromat. Ceja-Navarro entered the laundromat carrying a basket full of clothes. As Ceja-Navarro placed the basket on top of a washing machine, Hernandez-Romero stated that the coke was underneath a bed sheet. Agent McConnell sifted through the basket and uncovered a plastic bag containing a white powdery substance. The parties stipulated that it was 206.2 grams of cocaine. At this point, Ceja-Navarro spoke to Hernandez-Romero in Spanish using words which the CI translated as "Go ahead and do it with him or go with him." Hernandez-Romero then picked up the bed sheet and cocaine, and exited the laundromat with Agent McConnell to complete the deal. Shortly thereafter, Ceja-Navarro and Hernandez-Romero were arrested.
 
 
 7
 Hernandez-Romero testified that, after his arrest, he waived his Miranda rights and stated that Ceja-Navarro was the supplier of the cocaine. Hernandez-Romero then testified that the statement implicating Ceja-Navarro was not true. Hernandez-Romero stated that he was nervous and under the influence of alcohol and drugs at the time of his statement. Hernandez-Romero further testified that Ceja-Navarro had no knowledge of the cocaine in the laundry basket. Hernandez-Romero stated that he picked up Ceja-Navarro at his apartment and promised to buy him some beers if he came to the laundromat. This portion of his testimony was corroborated by Veronica Mancillas, Ceja-Navarro's girlfriend, who was also present at the apartment. Additionally, Hernandez-Romero testified that he could not recall the name of the individual who supplied the cocaine.
 
 
 8
 Ceja-Navarro argues that the evidence is insufficient because (1) it is based in part on the uncorroborated testimony of a paid informant with felony convictions and (2) the testimony of both his girlfriend and Hernandez-Romero provided evidence that he did not knowingly participate in the drug deal.[1]
 
 
 9
 By questioning the sufficiency of evidence, Ceja-Navarro appears to challenge the weight assigned to the witnesses' testimony. We must defer to the jury's determination of credibility. See United States v. Martinez, 967 F.2d 1343, 1345 (9th Cir.1992); see also Lai, 944 F.2d at 1440; Lopez, 803 F.2d at 973. The coordinated activity between Ceja-Navarro and Hernandez-Romero "raises a raises a reasonable inference of a joint venture." See Hernandez, 876 F.2d at 778. Ceja-Navarro's actual physical custody of the laundry basket containing 206.2 grams of cocaine sustained a conclusion that he knowingly possessed the drugs with intent to distribute. See Savinovich, 845 F.2d at 838; see also United States v. Castro, 972 F.2d 1107, 1111 (9th Cir.1992) (sufficient evidence that defendant knowingly possessed large sums of cocaine where it was unloaded from his tractor-trailers and a van and "would have never been entrusted to an unknowing dupe"), cert. denied, 113 S.Ct. 1350 (1993). There is no plain error.
 
 II
 Ineffective Assistance of Counsel
 
 10
 Ceja-Navarro argues that he received ineffective assistance of counsel because his trial counsel failed to move to sever his trial from codefendant Hernandez-Romero. We decline to address the merits of this argument.
 
 
 11
 Generally, "we will not review challenges to the effectiveness of defense counsel on direct appeal." United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991) Facts outside the record, but necessary to the disposition of the claim, need to be sufficiently developed. Id. Such is the case here. Trial counsel has had no opportunity to explain his reasons for not moving to sever the trial.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ceja-Navarro appears to argue that, in determining the sufficiency of evidence, we may not consider Hernandez-Romero's incriminating statements because he made a motion for acquittal at the close of the government's case-in-chief. We have previously considered a similar argument and rejected it. See United States v. Polizzi, 500 F.2d 856, 902-903 (9th Cir.1974), cert. denied, 419 U.S. 1120 (1975)