21 F.3d 1118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Allen Leon STALCUP, Defendant-Appellant.
 No. 93-30189.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1994.
Decided April 13, 1994.
 
 Before: WRIGHT, TANG, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Allen Stalcup appeals his sentence after pleading guilty to use of interstate facilities in aid of racketeering enterprises, in violation of 18 U.S.C. Sec. 1952(a)(3), and money laundering, in violation of 18 U.S.C. Sec. 1956(a)(1)(B)(i). We reverse and remand for further proceedings.
 
 DISCUSSION
 
 3
 At the time of the commission of Stalcup's crimes, a district court had authority to depart downward based on lack of youthful guidance. See United States v. Floyd, 945 F.2d 1096, 1100 (9th Cir.1991), amended, 956 F.2d 203 (9th Cir.1992), overruled on other grounds, 990 F.2d 501 (9th Cir.1993) (en banc). In November, 1992, the Sentencing Guidelines were amended to provide that "[l]ack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds for imposing a sentence outside the applicable guideline range." United States Sentencing Commission, Guidelines Manual, Sec. 5H1.12 (Nov. 1992). At Stalcup's sentencing, the district court applied Sec. 5H1.12 and held that it did not have discretion to depart for lack of youthful guidance.
 
 
 4
 We recently held that the retroactive application of Sec. 5H1.12 to offenses committed prior to November, 1992, violates the ex post facto clause. United States v. Johns, 5 F.3d 1267, 1272-73 (9th Cir.1993).
 
 
 5
 Moreover, we find the application of Sec. 5H1.12 in this case was not harmless error beyond a reasonable doubt. See Coleman v. McCormick, 874 F.2d 1280, 1288 (9th Cir.) (en banc), cert. denied, 493 U.S. 944 (1989). In response to Stalcup's request for a downward departure, the district court found that Stalcup was "a classic case of somebody who endured a youth that contributed significantly to his propensity to be involved" in criminal activity, but that the November, 1992, version of Sec. 5H1.12 precluded this as a basis for downward departure. [CR 58, Sentencing transcript at 2-3.] The district court specifically stated, "[I]f I had the discretion so that the issue is framed for the Appellate Court, I would depart downward because of the youthful lack of guidance." [Id. at 5.] While the district court's comments were made with regard to a possible seven to eight year sentencing range, and the court later expressed that a 63 month sentence "comes a lot closer to what I think is a reasonable sentence," [Id. at 9], we cannot conclude that the district court would not have departed below 63 months when given the authority to do so.[1]
 
 
 6
 The case is remanded for application of the factors enumerated in United States v. Lira-Barrazza, 941 F.2d 745 (9th Cir.1991), and Floyd, 945 F.2d 1096.
 
 
 7
 VACATED AND REMANDED FOR RESENTENCING.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we find that this constitutional error was not harmless, we need not reach Stalcup's argument that this error is harmful per se