32 F.3d 573
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerard Lamont NELSON, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond David WHITE, Defendant-Appellant.
 Nos. 93-10077, 93-10288.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 15, 1994.*
Decided July 25, 1994.
 
 1
 Before: FERNANDEZ, RYMER and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Gerard Lamont Nelson appeals his conviction after a guilty plea and sentence under the Sentencing Guidelines for possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1). Nelson's counsel has moved to withdraw pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Raymond David White appeals his sentence under the Sentencing Guidelines following his jury conviction of distributing cocaine base in violation of 21 U.S.C. Sec. 841(a)(1). We affirm.
 
 A. Nelson
 1. Anders
 
 4
 Pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Nelson's counsel, Julian G. Macias, has submitted an appellate brief in which he asserts that there are no nonfrivolous issues for appeal and asks to withdraw as counsel of record. He identifies two possible issues for review: whether the trial court erred by declining to grant Nelson a downward departure based on lack of youthful guidance; and whether the plea was taken in violation of the law or the sentence imposed as a result of an incorrect application of the guidelines. We agree with counsel's assessment that there are no nonfrivolous issues for appeal.
 
 
 5
 Although Nelson indicated at one point in the district court that he would attempt to withdraw his guilty plea on the basis that it was illegally entered because his counsel was ineffective during the plea bargaining process, he never actually made that motion. We do not ordinarily review on appeal issues not properly raised in the district court. See United States v. Rubalcaba, 811 F.2d 491, 493 (9th Cir.), cert. denied, 484 U.S. 832, 108 S.Ct. 107, 98 L.Ed.2d 66 (1987); but see, United States v. Anderson, 993 F.2d 1435, 1437 (9th Cir.1993). This case presents no exception.
 
 
 6
 Nelson was sentenced in January 1993. The offense of which he was convicted occurred in April, 1992. Because departure based on youthful lack of guidance was available under the November, 1991 Guidelines but not under the November, 1992 Guidelines, the Ex Post Facto Clause mandated that the November, 1991 version of the Guidelines be used in Nelson's case. See United States Sentencing Commission, Guidelines Manual, Sec. 5H1.12 (Nov.1992); United States v. Johns, 5 F.3d 1267, 1272-73 (9th Cir.1993); United States v. Warren, 980 F.2d 1300, 1306 (9th Cir.1992), cert. denied, --- U.S. ----, 114 S.Ct. 397, 126 L.Ed.2d 344 (1993); see also, United States v. Floyd, 945 F.2d 1096, 1098-1102 (9th Cir.1991), amended, 956 F.2d 203 (9th Cir.1992), overruled on other grounds, 990 F.2d 501 (9th Cir.1993) (en banc). The comments by the court at sentencing reveal that the court exercised its discretion under the 1991 Guidelines to deny Nelson's request for a downward departure based on youthful lack of guidance. This court has no jurisdiction to review that decision. See United States v. Belden, 957 F.2d 671, 676 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 234, 121 L.Ed.2d 169 (1992). As Nelson's counsel aptly notes, an appeal on that basis would therefore be unavailing. Moreover, our review of the record indicates that in all other respects Nelson's sentence resulted from a proper application of the Guidelines.
 
 
 7
 An independent review of the record reveals that the plea was taken properly and there are no other even possible nonfrivolous issues for direct appeal. See Penson v. Ohio, 488 U.S. 75, 82-83, 109 S.Ct. 346, 351, 102 L.Ed.2d 300 (1988). We therefore allow Nelson's counsel to withdraw.
 
 2. Ineffective Assistance
 
 8
 In a separate pro se brief, Nelson contends that he has been denied effective assistance of counsel by all three counsel appointed for him at different stages in the proceedings. "[T]he customary procedure in this Circuit for challenging the effectiveness of defense counsel ... is by collateral attack on the conviction ... and this Court has been chary of analyzing insufficiency of counsel claims on direct appeal." United States v. Rewald, 889 F.2d 836, 859 (9th Cir.1989) (internal quotation omitted), amended, 902 F.2d 18 (9th Cir.), cert. denied, 489 U.S. 819, 111 S.Ct. 64, 112 L.Ed.2d 39 (1990). Use of a habeas proceeding is preferable because "it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." Id. (internal quotation omitted). Ineffective assistance of counsel claims may be considered on direct appeal, however, where "the defendant's legal representation was so inadequate as obviously to deny him his sixth amendment right to counsel," id. (internal quotation omitted), or "the [trial] record [itself] is sufficiently complete to allow [this court] to decide the issue." United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991) (internal quotation omitted). Defense counsel may be found ineffective only where the record establishes that his performance fell below the standards of professional competence and that his incompetence prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).
 
 
 9
 To the extent Nelson complains of ineffective assistance during sentencing and on this direct appeal, the record is sufficient to review the claims now. By allowing counsel to withdraw, we have determined that the Anders brief was properly filed, and does not demonstrate ineffective assistance. Moreover, Nelson has not rebutted the presumption that the tactical decision by his sentencing counsel to argue for a lesser enhancement based on role in the offense rather than denying Nelson's managerial role altogether was anything other than sound strategy. See Strickland, 466 U.S. at 689, 104 S.Ct. at 2066. Nelson's contentions regarding his first attorney's conduct during the plea discussions cannot be directly reviewed. We would have to engage in speculation in order to resolve Nelson's claim concerning counsel's conduct and we decline to do so. See United States v. Christoffel, 952 F.2d 1086, 1090 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1700, 118 L.Ed.2d 410 (1992).
 
 B. White
 
 10
 White argues that the district court should have credited him under 18 U.S.C. Sec. 3585(b) with time served while he was in custody awaiting trial and while he was on pretrial supervised release. District courts lack jurisdiction to award service credit at sentencing; instead, the Attorney General must make the calculation "as an administrative matter when imprisoning a defendant." United States v. Wilson, --- U.S. ----, ----, 112 S.Ct. 1351, 1355, 117 L.Ed.2d 593 (1992). The district court did not err by failing to perform a task it had no power to do.
 
 
 11
 AFFIRMED; Julian G. Macias's request to withdraw is GRANTED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3