993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Leroy ENGELBRECHT, Defendant-Appellant.
 No. 92-30244.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1993.
Decided May 18, 1993.
 
 1
 Before: CANBY and REINHARDT, Circuit Judges, and TASHIMA* District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 Robert Leroy Engelbrecht appeals his conviction, after a jury trial, for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2), and using a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) & 21 U.S.C. § 841(a)(1). We affirm.
 
 
 4
 * Sufficiency of the Evidence
 
 
 5
 Engelbrecht contends that the evidence was insufficient to support a finding that he used or carried a firearm in relation to a drug trafficking offense. He did not move for a judgment of acquittal during trial; accordingly we review the sufficiency of the evidence only for plain error or to prevent a miscarriage of justice. See United States v. Mora, 876 F.2d 76, 77 (9th Cir.1989). We find no error.
 
 
 6
 "Though not insurmountable, the plain error standard is higher than the standard articulated in Jackson [v. Virginia, 443 U.S. 307, 319 (1979) ]." United States v. Floyd, 945 F.2d 1096, 1098 (9th Cir.1991). Under Jackson v. Virginia, 443 U.S. at 319, we must uphold a conviction if, viewing the evidence and all reasonable inferences drawn from it in the light most favorable to the government, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. To obtain a conviction under 18 U.S.C. § 924(c)(1), the government must prove that the firearm (1) "played some role" in the underlying drug trafficking crime and (2) was "within the possession or control of the defendant." United States v. Torres-Medina, 935 F.2d 1047, 1048-49 (9th Cir.1991) (citations omitted).
 
 
 7
 The government's case rested on evidence discovered during a search of Engelbrecht's house and adjacent automobile repair shop. Law enforcement officials found various items of drug paraphernalia on the property including: numerous plastic bags and a metal canister containing methamphetamine residue, a plastic bag heat-sealer, electronic scales and weights, notes regarding chemicals used to manufacture methamphetamine, $1,243 in cash, approximately 4 grams of methamphetamine, and approximately 8 grams of marijuana. Attached to the automotive shop they found a video camera, which was trained on the only entrance to the house and the driveway entrance to the property. The camera was attached to a monitor in the "entertainment room" on the second floor of the house; this system provided both video and audio surveillance. This room also contained a high-power spotting scope near the window overlooking the highway access to the property. The search revealed four firearms: (1) an unloaded semi-automatic Calico rifle found in the bed of a pick-up truck located in the auto shop, (2) a loaded 9mm Astra semi-automatic handgun found in a tool box in the auto shop, (3) an unloaded Mitchell Arms .22 caliber rifle found in the closet of a first-floor bedroom, and (4) a loaded .38 caliber derringer with a holster found next to the video monitor in the second-floor entertainment room.
 
 
 8
 In contending that this evidence is insufficient to support a finding that he possessed the firearms found on his property, Engelbrecht points to (1) Dan Freeman's testimony that Freeman owned the guns and brought them onto Engelbrecht's property a day or two before the search; and (2) the testimony of two other defense witnesses that Engelbrecht did not know that the guns were on the property. The jury heard this testimony and had to judge its credibility and resolve conflicts in the evidence. We must respect this exclusive province of the jury. See United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987). Considering the locations in which the firearms were found, a rational jury could infer that Engelbrecht knew of their presence and had the power to exercise dominion and control over them. Accordingly, the jury could properly conclude that he had constructive possession of the guns. See United States v. Huffhines, 967 F.2d 314, 320 (9th Cir.1992).[1]
 
 
 9
 Alternatively, Engelbrecht argues that, even if the evidence was sufficient to prove constructive possession, the government failed to prove that he used the firearms in relation to the offense of possession of methamphetamine and marijuana with intent to distribute. This argument is meritless.
 
 
 10
 This court has broadly construed the "in relation to" language in 18 U.S.C. § 924(c).
 
 
 11
 If the firearm is within the possession or control of a person who commits an underlying crime as defined by the statute, and the circumstances of the case show that the firearm facilitated or had a role in the crime, such as emboldening an actor who had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others, whether or not such display or discharge in fact occurred, then there is a violation of the statute.
 
 
 12
 United States v. Power, 881 F.2d 733, 737 (9th Cir.1989) (quotation omitted); accord Torres-Medina, 935 F.2d at 1050 ("[a] firearm may play a role in the offense simply by emboldening the defendant to act; the defendant need not have drawn his weapon or fired rounds") (collecting cases). The fact that a gun is unloaded is immaterial to a conviction under section 924(c)(1). United States v. Martinez, 967 F.2d 1343, 1346 (9th Cir.1992).
 
 
 13
 Here, the evidence presented by the government was sufficient to demonstrate that the firearms were used or carried "in relation to" the drug trafficking offense. An expert witness testified that (1) the drugs, money, and other paraphernalia found on Engelbrecht's property evidenced a drug distribution operation, and (2) guns are commonly used for protection by persons who possess drugs with intent to distribute. Moreover, the firearms were strategically located throughout the property, and they were accessible to Engelbrecht. The lack of evidence that Engelbrecht actually had brandished or fired the weapons is immaterial; a rational jury could conclude that the firearms emboldened Engelbrecht to commit the underlying offense. See Martinez, 967 F.2d at 1346; Torres-Medina, 935 F.2d at 1050; Power, 881 F.2d at 737. We find no plain error.
 
 II
 Prosecutorial Misconduct
 
 14
 Engelbrecht asserts that the prosecutor's cross-examination of two defense witnesses constitutes reversible error. We disagree.
 
 
 15
 To demonstrate reversible error, the defendant must establish: "(1) the existence of prosecutorial misconduct; (2) that the issue was preserved for appeal; and (3) that defendant was prejudiced by the misconduct." United States v. Christophe, 833 F.2d 1296, 1301 (9th Cir.1987).
 
 
 16
 Engelbrecht has failed to satisfy the first prong of this analysis; he has not demonstrated that prosecutorial misconduct occurred. Contrary to Engelbrecht's assertions, the prosecutor's questions during cross-examination of defense witnesses Dan Freeman and Pam Nowland were not improper. Our review of the record convinces us that the prosecutor had a good-faith basis for his questions regarding Freeman's use of methamphetamine and Nowland's possession of the drug.
 
 III
 
 17
 Admission of the Fifth Firearm during Rebuttal
 
 
 18
 Engelbrecht contends that the district court erred by allowing the government to introduce in rebuttal a fifth firearm, which had been found in Engelbrecht's pick-up truck but was not charged in the indictment. We review the district court's decision to admit evidence for an abuse of discretion, United States v. Polizzi, 801 F.2d 1543, 1555 (9th Cir.1986), and conclude that no error occurred.
 
 
 19
 On the morning of Engelbrecht's trial, defense counsel made a motion in limine to exclude the .357-caliber Colt revolver found in Engelbrecht's truck. The motion asserted two grounds for excluding the gun: (1) it had not been charged in the indictment, and therefore Engelbrecht was not put on notice that it would be offered by the government; and (2) the gun had been illegally seized because the search warrant covered only the house and the auto shop.[2] The prosecutor disputed Engelbrecht's assertion that the weapon had been illegally seized, but conceded that the government had failed to comply with the district court's pretrial order, which required exhibit lists to be served 14 days before trial. The district court ruled: "I think the motion is well taken. It will be granted, so Exhibits 37 through 40 will not be admitted."
 
 
 20
 During cross-examination, Engelbrecht's wife, Pam Nowland, denied that he possessed any guns. In response to the prosecutor's questions, she stated that Engelbrecht had no guns in the house, the auto shop, or any vehicle, including his pick-up truck. After this testimony, the government asked the district court to reconsider its prior exclusion of the Colt revolver and to admit it to impeach Nowland's testimony. During the conference on the government's request, the prosecutor stated: "I'm inferring from the Court's ruling that we may not use that pistol and the other evidence taken from the truck, because, as to the pistol, it was not named in the indictment, didn't properly put Mr. Engelbrecht on notice." Defense counsel objected on the ground that the government should have charged possession of the fifth gun in a superseding indictment, but did not renew his objection that the gun had been illegally seized. The district court ruled that the pistol was admissible for rebuttal purposes.
 
 
 21
 Citing James v. Illinois, 493 U.S. 307, 313-20 (1990), Engelbrecht argues that the district court erred by admitting the gun because the prosecution is not permitted to use illegally obtained evidence to impeach the credibility of defense witnesses. James is not applicable to this case, however, because the district court did not rule that the firearm had been illegally seized. Although the basis for the district court's initial decision to exclude the Colt revolver was ambiguous, the subsequent discussion of the weapon indicates that it was excluded from the government's case-in-chief because Engelbrecht had not received adequate notice that the government intended to offer it. Indeed, at the conference on the government's request to admit the gun during rebuttal, defense counsel did not object on fourth amendment grounds. Accordingly, Engelbrecht waived any fourth amendment objection by failing to raise it at this conference. Because Nowland specifically testified that Engelbrecht did not have a gun in his pick-up truck, the Colt revolver was relevant impeachment evidence. Accordingly, we conclude that the district court did not abuse its discretion by admitting it in rebuttal.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Engelbrecht also argues that the evidence was insufficient to prove constructive possession of the firearms because, at the time of the search, three other adults were living on the property. This argument fails. Given that Engelbrecht and his wife were the only permanent adult residents, the jury could reasonably infer that he was not merely "present" on the property nor simply associating with persons who had control of the firearms. See Huffhines, 967 F.2d at 320
 
 
 [2]
 Defense counsel staetd that he had not filed a motion to suppress because he did not learn that the government planned to introduce the gun until 4:15 p.m. the day before trial, when he received the government's exhibit list