UNITED STATES of America,
Plaintiff–Appellee,

v.

Roberto MARTINEZ, Defendant–
Appellant.

UNITED STATES of America,
Plaintiff–Appellant,

v.

Roberto MARTINEZ, Defendant–
Appellee.

Nos. 90–30354, 90–30404.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 6, 1992.

Submission Vacated March 31, 1992.

Resubmitted May 11, 1992.

Decided June 23, 1992.

Antonio Salazar, Nicholas Marchi, Salazar Law Offices, Seattle, Wash., for defendant-appellant.

Donald R. Kresse, Asst. U.S. Atty., Yakima, Wash., for plaintiff-appellee.

Before WRIGHT, NORRIS, and HALL, Circuit Judges.

WILLIAM A. NORRIS, Circuit Judge:

Martinez was found guilty after a jury trial for possession of one kilogram of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and for using a machinegun and a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Under 21 U.S.C. § 841(a)(1), the district court was required to sentence Martinez to a minimum of five years of imprisonment for the narcotics conviction. Under 18 U.S.C. § 924(c)(1), the court was further required to give Martinez a consecutive sentence of at least thirty years for the machinegun conviction. The district court ruled that the minimum sentence required by statute was in violation of the Eighth Amendment and sentenced Martinez to ten years.

Martinez appeals his conviction on all counts on insufficiency of evidence grounds. He also argues that the district court erred in allowing the government to introduce improperly intercepted communications to impeach his testimony. The government cross-appeals Martinez' sentence on the ground that the sentence required by statute does not violate the Eighth Amendment. We affirm Martinez' conviction, vacate the sentence and remand for resentencing.

I

Martinez first argues that there was insufficient evidence to convict him of knowing possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). In reviewing the sufficiency of the evidence, we set aside the jury's verdict only if, viewing all the evidence in the light most favorable to the government, we determine that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Under this standard, we hold that a rational jury could have found beyond a reasonable doubt that Martinez knowingly possessed the cocaine with intent to distribute.

First, there was sufficient evidence to support a jury finding that Martinez knowingly possessed the cocaine. Martinez resided in the house in which the cocaine was found. Although Martinez and others testified that a guest was staying in the bedroom in which the cocaine was found in plain view, a DEA agent testified that he found in that room a pair of Martinez' shorts with two thousand dollars in cash in one of the pockets. The DEA agent further testified that he located the shorts only after Martinez stated that a pair of shorts in the bedroom contained two thousand dollars in cash. Although Martinez claims that the shorts were in the living room, he does not dispute that the shorts and the money belong to him. Thus, whether Martinez knowingly possessed the cocaine in the room turns on the relative weight assigned to Martinez' and the DEA agent's testimony. Faced with such a question, we must defer to a jury's determination of credibility. *See United States v. Feldman*, 853 F.2d 648, 654 (9th Cir. 1988), *cert. denied*, 489 U.S. 1030, 109 S.Ct. 1164, 103 L.Ed.2d 222 (1989).

Second, there was sufficient evidence to support a jury finding that Martinez had the intent to distribute the cocaine. Such facts as the amount of drugs, the presence of packaging used in sales and the existence of triple beam scales can be indicators of an intent to distribute. *United States v. Savinovich*, 845 F.2d 834, 837 (9th Cir.), *cert. denied*, 488 U.S. 943, 109 S.Ct. 369, 102 L.Ed.2d 358 (1984). Martinez was found to have possessed approximately one kilogram of cocaine. Obviously, this

amount of cocaine is not ordinarily associated with personal use. Moreover, the search of the house yielded a triple beam scale, several smaller baggies of cocaine and a pager. Finally, the government introduced the transcript of a telephone conversation in which Martinez discussed a possible drug transaction.

## II

■■■ In order to convict the defendant of a violation of 18 U.S.C. § 924(c)(1), the government must prove beyond a reasonable doubt the defendant: (1) knowingly used or carried a firearm and/or a machinegun (2) during and in relation to a drug trafficking crime. *United States v. Power*, 881 F.2d 733, 735 (9th Cir.1989). A conviction for the use of a firearm during and in relation to a drug trafficking offense subjects the defendant to a statutory minimum penalty of five years. 18 U.S.C. § 924(c)(1). A conviction for the use of a machinegun during and in relation to a drug trafficking offense subjects him to a minimum penalty of thirty years. *Id.* Martinez challenges his conviction on the firearm and machinegun counts for insufficiency of evidence.

In assessing Martinez' challenge, we must first determine whether there is sufficient evidence to link Martinez to the firearm and the machinegun. We conclude that there is. Two DEA agents testified that Martinez told them the location of the machinegun. As for the firearm, the DEA agents testified that it was located on the floor of the bedroom in which the cocaine was found. For his part, Martinez denies ever having seen either gun. Again, we are faced with conflicting testimony; again, we must defer to the jury's assessment of credibility.

We must next determine whether the two requirements we articulated in *Power* are satisfied. We find that the second *Power* requirement—that the machinegun and firearm be related to the narcotics offense—is easily satisfied. *See, e.g.,*

*United States v. Torres-Medina*, 935 F.2d 1047 (9th Cir.1991). In *Torres*, we affirmed a section 924(c)(1) conviction on the ground that "the close proximity of the handgun to the drugs strongly suggested that it was 'related' to the narcotics operation." *Id.* at 1049. Here, both the firearm and machinegun were found in the same room as the drugs.

■■■ The sole question here is whether the second *Power* requirement—that the defendant have *used* or *carried* the firearm within the meaning of the statute—is satisfied. Defendant argues that this requirement is not satisfied with respect to the machinegun because the machinegun was under the mattress and was unloaded. However, section 924(c)(1) requires neither literal use nor open display of a machinegun. *See id.* at 1049. In *Torres*, we held that the section 924(c)(1) use requirement is satisfied if the firearm was "available" to the defendant and affirmed the conviction even though the defendant, a physically disabled man, was unable to retrieve the gun personally from its hiding spot. *Id.* at 1049–50. Here, both weapons were found in a bedroom in the house in which the defendant was located. Under *Torres-Medina*, the weapons were plainly "available" to defendant.

The fact that the machinegun was unloaded is also immaterial. 18 U.S.C. § 921(a)(23) provides that " 'machinegun' has the meaning given such term in section 5845(b) of the National Firearms Act (26 U.S.C. § 5845(b))." 26 U.S.C. § 5845(b) defines machinegun as "any weapon ... which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger." Here, the government introduced evidence indicating that the ammunition used for the firearm, which was loaded, was the same as the ammunition used for the machinegun. Because Martinez could have quickly rendered the machinegun operable by transferring the ammunition from the firearm, the requirement of 26 U.S.C.

§ 5845(b) is satisfied. *See also United States v. Gonzalez*, 800 F.2d 895, 899 (9th Cir.1986).

Martinez relies on *United States v. Feliz–Cordero*, 859 F.2d 250 (2nd Cir.1988), to support his argument that the government has not proven the requisite connection between either weapon and drug trafficking. We need not decide whether Martinez has the better of the argument under *Feliz–Cordero*, because we are obliged to follow the law of our circuit over inconsistent law from other circuits. Because Martinez loses under *Torres–Medina*, we affirm his conviction for both the firearm and the machinegun offense.

### III

■ Martinez testified at his trial. On direct examination, Martinez denied any knowledge of the cocaine in the house. During cross-examination, the government asked, over defense counsel's objections, whether Martinez had ever used or sold cocaine. When Martinez denied ever having used or sold cocaine, the government introduced a communication which had occurred four months earlier and which had been intercepted in violation of Title III. The communication was a one-minute phone conversation between Martinez and a third-person over the possibility of a cocaine transaction.

Martinez argues that the admission of the communication was error. In support he relies on *United States v. Whitson*, 587 F.2d 948 (9th Cir.1978), where we held that "it is error to permit the prosecution to use illegally obtained evidence for impeachment on a matter not opened by the defendant." *Id.* at 952. The government argues that *Whitson* has been undermined by subsequent Supreme Court case law. Specifically, the government relies on *United States v. Havens*, 446 U.S. 620, 100 S.Ct. 1912, 64 L.Ed.2d 559 (1980). In *Havens*, the Court stated that the government may impeach a statement made on cross-examination so long as the government's question was "reasonably suggested" by defendant's direct examination. *Id.* at 627, 100 S.Ct. at 1916. In applying *Havens*, however, the Ninth Circuit has never intimated that *Whitson* is no longer good law. *See United States v. Gomez–Gallardo*, 915 F.2d 553, 555 (9th Cir.1990) (relying on *Whitson*). We believe that *Whitson* and *Havens* can be readily reconciled: when read together, these cases simply stand for the proposition that impeachment evidence may not be introduced on cross-examination unless the defendant opens the door by reasonably suggesting the line of questioning. Thus, we reject the government's argument that *Whitson* is no longer good law.

For the purposes of this case, the question is whether the denial of any link to the cocaine found in the house "reasonably suggested" the question whether the defendant ever used or sold cocaine. Although we consider this to be a close call, we conclude that the district court did not abuse its discretion in ruling that Martinez' denial reasonably suggested the government's question. Accordingly, we affirm the conviction.

### IV

■ 21 U.S.C. § 841(b)(1) requires a five-year minimum sentence for offenses involving more than 500 grams of cocaine. 18 U.S.C. § 924(c)(1) requires a five-year consecutive sentence for offenses involving firearms and a thirty-year consecutive sentence for offenses involving machineguns. At sentencing the government argued that the Sentencing Reform Act and the Sentencing Guidelines require that Martinez be sentenced to the statutory minimum penalty of forty years imprisonment. Although the district court agreed with the government's interpretation of the statute, it refused to impose the penalty required by statute. The district court reasoned that forty years imprisonment for Martinez' crimes was cruel and unusual punishment within the meaning of the Eighth Amendment. Accordingly, it sentenced Martinez

to a five-year term for the drug offense, a consecutive five-year term for the machine-gun offense and a concurrent five-year term for the firearm offense. The government appeals the sentence. We review *de novo* the district court's finding that a federal statute is unconstitutional. *See United States v. Wilkins*, 911 F.2d 337, 338 (9th Cir.1990).

In *Harmelin v. Michigan*, —— U.S. ——, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), the Court faced an Eighth Amendment challenge to a Michigan statute which requires a *life sentence without the possibility of parole* for possession of more than 650 grams of cocaine. Five Justices, in two separate opinions, found that the statute was constitutional. Justice Scalia, joined by Justice Rehnquist, found the statute constitutional because he did not see an authority in the Eighth Amendment to invalidate the statute. In so doing, he rejected, as "simply wrong," *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the sole Supreme Court case to have invalidated, on Eighth Amendment grounds, a criminal statute not involving the death penalty. *Harmelin*, 111 S.Ct. at 2686. Although Justice Kennedy, joined by Justices O'Connor and Souter, declined to reject *Solem*, he found that *Solem* was readily distinguishable because it involved a nonviolent crime of financial fraud. By contrast, "[p]ossession, use, and distribution of illegal drugs represents 'one of the greatest problems affecting the health and welfare of our population.'" *Harmelin*, 111 S.Ct. at 2702, 2705 (Kennedy, J., concurring) (citations omitted). Therefore, "a rational basis exists for Michigan to conclude that petitioner's crime is as serious and violent as the crime of felony murder without specific intent to kill, a crime for which 'no sentence of imprisonment would be disproportionate.'" *Id.* at 2706 (citations omitted).

It is clear that under the reasoning of the five Justices constituting the majority in *Harmelin*, the forty-year sentence for Martinez' offenses of conviction passes constitutional muster. This case not only involves a simple drug offense as *Harmelin* did, but additionally involves the use of a machinegun and a firearm in relation to that offense. If the Constitution permits that Harmelin be required to spend the rest of his life in jail because he possessed 650 grams of cocaine, it certainly permits that Martinez be required to spend forty years in jail because he possessed one kilogram of cocaine, a machinegun and a firearm. *See also United States v. Van Winrow*, 951 F.2d 1069, 1071 (9th Cir.1991) (life sentence without parole for defendant convicted of possession with intent to distribute 151.9 grams of cocaine does not violate the Eighth Amendment).

▮▮▮ In light of *Harmelin* and *Van Winrow*, we vacate Martinez' sentence of ten years and remand for resentencing. We note, however, that the government was wrong in thinking that section 924(c)(1) requires *separate* consecutive sentences for the firearm and the machinegun count. *See United States v. Smith*, 924 F.2d 889, 894 (9th Cir.1991). "We, along with other circuits, have required that each section 924(c)(1) charge be based on a separate predicate offense." *Id.* at 894. In this case, there was only one predicate offense of drug possession with intent to distribute. Under *Smith*, the district court may only impose one consecutive sentence for the section 924(c)(1) violations. The thirty-five year consecutive sentence urged by the government would have thus been excessive on statutory, rather than constitutional, grounds.[1]

Martinez' conviction is AFFIRMED. His sentence is VACATED and this matter is

---

1. Normally, *Smith* would require that we vacate one of the section 924(c)(1) convictions. We decline to do so here, however, because Martinez's counsel failed to raise this issue either before the district court or on appeal. We nevertheless feel it is appropriate to advise the district court that it may not impose an additional sentence for the second section 924(c)(1) conviction because the government has argued for a specific sentence that exceeds what is permitted by statute.

REMANDED to the district court for re-sentencing.