Justice White,
with whom Justice Thomas joins,
dissenting.
In both of these cases, the petitioners contend that there was insufficient evidence to establish that they used a firearm during and in relation to a drug trafficking crime in violation of 18 *931 U. S. C. § 924(c)(1).[1] In the course of searching Johnny Lee Mukes’ house, officers found, in the top drawer of a nightstand in the bedroom, two plastic bags containing 32.9 grams of cocaine, a loaded .38-caliber derringer, and an unloaded .25-caliber automatic pistol. 1992 U. S. App. LEXIS 544 (CA6) (unpublished). When the police found James Edward Langston, he was standing at a table covered with cocaine base, six to eight feet from which was a loaded .38-caliber semiautomatic pistol hidden under a mattress. United States v. Featherson, 949 F. 2d 770 (CA5 1991).
The Courts of Appeals for the Fifth and Sixth Circuits, construing the term “uses” broadly, held that the jury could reasonably conclude that the presence of the firearms was connected to the trafficking in that they could protect the petitioners’ merchandise. See also United States v. Blake, 941 F. 2d 334, 342-343 (CA5 1991); United States v. Molinar-Apodaca, 889 F. 2d 1417, 1424 (CA5 1989). Other courts have adopted the same approach. See, e. g., United States v. Wilkinson, 926 F. 2d 22, 25-26 (CA1), cert. denied, 501 U. S. 1211 (1991); United States v. Paz, 927 F. 2d 176, 179 (CA4 1991); United States v. Young-Bey, 893 F. 2d 178, 181 (CA8 1990); United States v. Martinez, 967 F. 2d 1343, 1346-1347 (CA9 1992); United States v. Handa, 1991 U. S. App. LEXIS 21752 (CA9) (unpublished); United States v. Poole, 878 F. 2d 1389, 1393-1394 (CA11 1989).
The petitioners insist that § 924(c) does not contemplate presuming an intent to use a firearm in relation to drug trafficking from the fact that a gun was found in the same room as drugs and related paraphernalia. The Sixth Circuit remarked that Mukes’ position “has some support in case law from other circuits,” and, in particular, cited the Second Circuit’s decision in United States v. Feliz-Cordero, 859 F. 2d 250, 254 (1988). See 1992 U. S. App. LEXIS 544, *2 (“[Feliz-Cordero] is difficult to reconcile with our circuit precedent. . . . Insofar as there is a conflict, of course, and unless the Supreme Court or Congress should instruct us *932 otherwise, we must follow our own precedents”). Id., at *6.[2] Petitioners also rely on cases from the Third and District of Columbia Circuits. See United States v. Bruce, 939 F. 2d 1053, 1054-1056 (CADC 1991); United States v. Theodoropoulos, 866 F. 2d 587, 597-598 (CA3 1989). But see United States v. Jefferson, 974 F. 2d 201 (CADC 1992).
Because this issue arises with some frequency, and in light of the conflict in the Circuits, which shows no signs of abating, I would grant certiorari to clarify the meaning and scope of § 924(c).

 Title 18 U.S.C. § 924(c)(1) provides:
“Whoever, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, shall, in addition to the punishment provided for such crime ... , be sentenced to imprisonment for five years . . . .”
These cases involve only the “use” prong of the statute.

 In United States v. Jackson, 1991 U. S. App. LEXIS 1757, *170 (CA6) (unpublished), cert. denied, 502 U. S. 828 (1991), the Sixth Circuit noted that some courts had held that “the ‘in relation to’ language of section 924(c) requires more than ‘mere availability’: the circumstances must suggest that the defendant intend to and be able to use the firearms during the offense. This, however, has not been the law of the Sixth Circuit.”