978 F.2d 1266
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose CHAVEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Benjamin YANEZ, Defendant-Appellant.
 Nos. 91-50532, 91-50540.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 3, 1992.*
Decided Nov. 5, 1992.
 
 Before WALLACE, Chief Judge, and TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants Jose Chavez and Benjamin Yanez challenge their convictions for violating 21 U.S.C. §§ 846 and 841(a)(1), engaging in the distribution of phencyclidine ("PCP"), and 18 U.S.C. § 924(c), use of a firearm during a drug trafficking offense.
 
 
 3
 * Jose Chavez first argues the evidence was insufficient to sustain his conviction for using a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). In an appeal for sufficiency of the evidence, we set aside the jury's verdict only if, " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 4
 A conviction for using or carrying a firearm during and in relation to a drug trafficking offense subjects the defendant to a statutory minimum penalty of five years. 18 U.S.C. § 924(c)(1) (1988). In order to convict a defendant for a violation of § 924(c)(1), the government must prove beyond a reasonable doubt that the defendant: 1) knowingly used or carried a firearm, 2) during and in relation to a drug trafficking crime. United States v. Martinez, 967 F.2d 1343, 1346 (9th Cir.1992).
 
 
 5
 Applying the first prong of this test, the evidence was sufficient to prove Chavez knowingly used or carried a firearm. We have held this provision does not require literal "use", and applies even when the weapon was not displayed or brandished. United States v. Torres-Medina, 935 F.2d 1047, 1049 (9th Cir.1991). Chavez claims the two .25 Raven automatics were not "available" because they had been placed in the compartment into which his sunroof retracted. According to his testimony, he could only retrieve the weapons with a wire or by rapid deceleration of his vehicle, which moved the guns forward within reach. Even if we accept his own testimony as true, the guns were still available for use during the narcotics transactions.
 
 
 6
 The firearm need not be within the defendant's reach during the crime or subsequent arrest. Although a firearm must be available, it need not be readily available. Torres-Medina, 935 F.2d at 1049. In Torres-Medina we held that the defendant had possession of a weapon even though he was a paraplegic who could not possibly have reached the gun, which was hidden in the crawl space beneath his house. Id. We have also suggested that a defendant controlled or possessed a weapon which had been stored in the trunk of the vehicle in which he was arrested. United States v. Stewart, 779 F.2d 538, 539-540 (9th Cir.1985).
 
 
 7
 Chavez relies upon United States v. Feliz-Cordero, 859 F.2d 250 (2nd Cir.1988) to maintain that the weapons must be "within reach" during the crime. However, we have specifically rejected the reasoning of Feliz-Cordero and cases from other circuits which are inconsistent with the law in this circuit. See United States v. Martinez, 967 F.2d 1343, 1347 (9th Cir.1992); Torres-Medina, 935 F.2d at 1049-1050. Here, Chavez could have retrieved the weapons by merely decelerating his vehicle. This retrieval would have been no more burdensome than in Stewart, where the defendant would have had to exit his vehicle and unlock the trunk to gain access to his weapons.
 
 
 8
 The evidence was also sufficient to connect the presence of the handguns to the commission of the underlying crime of drug trafficking. "[T]he close proximity of the handgun to the drugs strongly suggest[s] that it was 'related' to the narcotics operation." Torres-Medina, 935 F.2d at 1049. In this case the weapons were found in the same vehicle in which the drugs were transported to the site of the exchange. We have also stated that a weapon is used in relation to an offense if "the firearm facilitated or had a role in the crime, such as emboldening an actor who had the opportunity or ability to display or discharge the weapon to protect himself or intimidate others, whether or not such display or discharge in fact occurred." Stewart, 779 F.2d at 540. A trier of fact could have rationally determined the two loaded handguns in the sunroof of his vehicle could have been used to protect Chavez or intimidate others, and thus emboldened him in the commission of the narcotics transaction. We affirm the district court's application of § 924(c).
 
 II
 
 9
 Benjamin Yanez also contends that there was insufficient evidence to convict him of possession of a firearm while committing a drug trafficking offense in violation of 18 U.S.C. 924(c)(1). Yanez claims to have had no knowledge of the guns in Chavez's car and further argues he did not have access to those guns because he was not a passenger in that vehicle. The evidence, viewed in the light most favorable to the government, indicates otherwise.
 
 
 10
 Yanez testified that he knew Chavez owned the two handguns. An undercover agent also testified that on the day preceding the drug deal, Yanez informed him that he was going to have people "around watching" who would be armed "for our protection." There was sufficient evidence for the jury to conclude that Yanez knew the guns were present in Chavez's vehicle.
 
 
 11
 As we have already discussed, although a firearm must be available, it need not be readily available. Torres-Medina, 935 F.2d at 1049. In Torres-Medina we emphasized the fact that the paraplegic defendant, who could not himself reach the handguns beneath his house, was assisted by others who could. Id. at 1050. Although Yanez himself could not reach the guns in Chavez's vehicle, he was assisted by Chavez who could. The weapons need only have been available and have emboldened the defendant to commit the crime for 18 U.S.C. § 924(c)(1) to apply. Stewart, 779 F.2d at 540. A jury could reasonably find that Yanez was aware of the guns in the vehicle, the same vehicle from which he retrieved the PCP he sold the agents. He had stated that he planned to have armed observers for protection. The district court did not err in its determination that the guns were "available" during the drug transaction and emboldened Yanez in the commission of the drug trafficking offense.
 
 III
 
 12
 Next Yanez maintains the district court erred by not instructing the jury a connection is required linking possession of a firearm and the underlying drug felony. The judge instructed the jury as follows:
 
 
 13
 In order for a defendant to be found guilty of that offense, the government must prove beyond a reasonable doubt ... that the defendant carried the firearm during or in relation to the crime of distribution of PCP.... [T]hat the defendant knew the firearm was available and accessible to provide protection to the defendant in connection with his engagement in drug trafficking.
 
 
 14
 The jury was correctly instructed that there had to be some nexus between the defendants' possession of firearms and the underlying felony. There was no error.
 
 IV
 
 15
 Yanez finally argues that he was subject to "outrageous government conduct" because the agents continued to engage in drug transactions solely to increase the length of his sentence. He maintains he should have been arrested before the third drug transaction, which increased the amount of drugs sold to over one kilogram, thereby subjecting him to offense level 32 under the Sentencing Guidelines and a mandatory minimum sentence of ten years. U.S.S.G. § 2D1.1(c)(6). Other circuits have referred to this argument as "sentencing entrapment." See United States v. Lenfesty, 923 F.2d 1293, 1300 (8th Cir.), cert. denied, 111 S.Ct. 1602 (1991); United States v. Williams, 954 F.2d 668, 672-673 (11th Cir.1992); United States v. Connell, 960 F.2d 191, 194-197 (1st Cir.1992).
 
 
 16
 Even if we were to recognize the defense of "sentencing entrapment" in this circuit, which we have not done as of yet, Yanez' conviction and sentencing would stand. A defendant has been entrapped "[w]here outrageous official conduct overcomes the will of an individual predisposed only to dealing in small quantities." Lenfesty, 923 F.2d at 1300. However the record does not indicate Yanez was predisposed to dealing only in small quantities. During a recorded telephone conversation with the undercover agent, Yanez immediately agreed to the agent's requests for larger quantities of PCP. The agent testified that the defendants called him several time to express their interest in the larger PCP sale. It appears the defendant's will was not "overcome" and that they were able and willing to supply the requested amounts of PCP.
 
 
 17
 Undercover buying operations need not cease at the exact moment an arrest can be made. Continuance of such undercover operations can serve legitimate investigatory purposes. Here the agent testified at trial that the gallon purchase was made to determine whether the defendants were large distributors of PCP. "[S]ting operations are designed to tempt the criminally inclined, and a well constructed sting is often sculpted to test the limits of the target's criminal inclinations. Courts should go very slowly before staking out rules that will deter government agents from the proper performance of their investigative duties." Connell, 960 F.2d at 196. The agent's third purchase of PCP from the defendants was proper and does not represent "outrageous government conduct."
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3