981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Juan J. PASTOR, Defendant-Appellant.
 No. 89-10245.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1992.*
Decided Dec. 24, 1992.
 
 Before SCHROEDER, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Juan Jose Pastor appeals his conviction and sentence on drug and firearms charges. We affirm.
 
 
 3
 * Pastor pleaded to possession of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and using a firearm in the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c). The district judge sentenced Pastor to 30 months on the drug charge to be followed by a five-year term of supervised release and 60 months on the firearms charge, to be served consecutively to the 30 months, and a three-year term of supervised release to be served concurrently.
 
 II
 
 4
 Pastor argues that his conviction on the firearms count should be reversed because the count in the indictment charging him with a using a firearm in connection with a drug trafficking crime did not specify which of two drug trafficking counts in the indictment were linked to firearms use.
 
 
 5
 The government contends that we do not have jurisdiction to consider this portion of the appeal because Pastor's notice of appeal indicated that he was appealing his "sentence only." See Fed.R.App.P. 3(c). "We have held that a mistake in designating the judgment appealed from should not bar appeal as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced or misled by the mistake." Meehan v. County of Los Angeles, 856 F.2d 102, 105 (9th Cir.1988) (quoting United States v. One 1977 Mercedes Benz, 708 F.2d 444, 451 (9th Cir.1983), cert. denied, 464 U.S. 1071 (1984)).
 
 
 6
 We will consider Pastor's appeal of his conviction, although the notice of appeal was clearly defective, because the government has had an ample chance to respond to the merits of the appeal in its brief.
 
 
 7
 We agree with the government, however, that Pastor waived any objection to the form of the indictment by not objecting in the district court. See Fed.R.Crim.P. 12(b)(2). Pastor does not complain that the indictment fails to state a crime or that it fails to establish jurisdiction. Instead, Pastor seems to be complaining that the indictment is vague, possibly duplicitous, or both. These objections must be made in the district court. See United States v. Gordon, 844 F.2d 1397, 1400 (9th Cir.1988). Accordingly, we find Pastor has waived this issue.
 
 III
 
 8
 Pastor claims that the district court did not establish that there was a factual basis for his plea to the firearms count as required by Federal Rule of Criminal Procedure 11(f). However, when the court asked the prosecutor to state the factual basis for Pastor's plea, the prosecutor alleged that when Pastor's residence was searched, the cocaine and firearms were both found in his bedroom. Pastor acknowledged that this was correct and that he and his wife had been the sole occupants of the house. Additionally, the presentence report indicates that when Pastor's residence was searched, both the cocaine and firearms were found in his bedroom. Pastor made no objection to the presentence report. This is sufficient to establish a factual basis for a violation of 18 U.S.C. § 924(c). Cf. United States v. Martinez, 967 F.2d 1343, 1346 (9th Cir.1992) (evidence sufficient to support finding of guilt where guns found in same room as drugs).
 
 IV
 
 9
 Pastor claims the trial judge erred by failing to depart downward from the Sentencing Guidelines range. A district court's discretionary decision not to depart downward is not reviewable on appeal. See United States v. Morales, 898 F.2d 99, 103 (9th Cir.1990).
 
 V
 
 10
 Pastor also claims the district court judge failed to state adequate reasons for his sentence on the drug count. We disagree. A district court is required to explain its selection of a particular sentence within a Guidelines range only if the permissible range exceeds 24 months. See 18 U.S.C. § 3553(c)(1). The range in this case, from 27 to 33 months, was only six months.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3