995 F.2d 233
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alfredo CAMACHO-NUNO, Defendant-Appellant.
 No. 92-30329.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 27, 1993.
 
 1
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Alfredo Camacho-Nuno appeals his convictions, following a jury trial, for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Camacho-Nuno contends that the evidence was insufficient to support his convictions. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 4
 Because Camacho-Nuno failed to renew his Fed.R.Crim.P. 29 motion for acquittal at the close of evidence, we review the sufficiency of the evidence only for plain error. See United States v. Conkins, 987 F.2d 564, 570 (9th Cir.1993).
 
 
 5
 Camacho-Nuno does not dispute the existence of a conspiracy to distribute cocaine. Rather, he maintains that the evidence was insufficient to demonstrate his knowledge of the conspiracy. This contention is without merit.
 
 
 6
 To prove a conspiracy, the government must demonstrate the existence of an agreement to engage in criminal activity and one or more overt acts in furtherance of the conspiracy. United States v. Buena-Lopez, 987 F.2d 657, 659 (9th Cir.1993). Evidence that a defendant has "even a slight connection" with a proven conspiracy is sufficient to demonstrate his knowing participation in the conspiracy. Id. A conviction under section 924(c)(1) may be maintained under a conspiracy theory. United States v. Velasquez-Carbona, No. 92-30152, slip op. 3783, 3786 (9th Cir. Apr. 16, 1993).
 
 
 7
 This case involves a series of drug transactions between Camacho-Nuno, Jose Gonzales-Amescua, a drug supplier, and two government informants, Barbara Compogno and Ronald Klump. At trial, Barbara Compogno testified that she engaged in three cocaine transactions with Gonzales-Amescua. On separate occasions, Camacho-Nuno collected money from her and delivered cocaine to her on behalf of Gonzales-Amescua. Ronald Klump testified that he met Gonzales-Amescua and Camacho-Nuno at a tavern in Spokane, Washington and discussed purchasing cocaine with both of them. He also testified that Gonzales-Amescua indicated during a telephone conversation, and at a subsequent meeting at a motel in Spokane, that Camacho-Nuno's approval was necessary before Klump could purchase two kilograms of cocaine. In addition, Klump testified that, at the motel meeting, Camacho-Nuno discussed money with him, asked him the identity of an undercover government agent accompanying him and how long he had known the agent, and told him to be careful. Furthermore, the government introduced evidence that law enforcement officers arrested Gonzales-Amescua immediately after the motel meeting and found a loaded gun on his person.
 
 
 8
 In contrast, Arlene Bryant, a cocaine distributor, testified that she accompanied Barbara Compogno during the drug transactions and never saw Camacho-Nuno. Gonzales-Amescua testified that Camacho-Nuno was only his friend; Camacho-Nuno was not present when he met Klump at the tavern; Camacho-Nuno was unaware of the purpose of the motel meeting; and Camacho-Nuno was unaware of Gonzales-Amescua's possession of a gun.
 
 
 9
 Faced with conflicting testimony, we defer to the jury's determination of credibility. See United States v. Martinez, 967 F.2d 1343, 1345 (9th Cir.1992). Camacho-Nuno's coordinated actions with Gonzales-Amescua were circumstantial evidence indicating his knowledge of the conspiracy. United States v. Stauffer, 922 F.2d 508, 515 (9th Cir.1990). We conclude that a rational jury could have found that Camacho-Nuno conspired to distribute cocaine, and was responsible for Gonzales-Amescua's possession of the gun during the cocaine transaction at the motel. See Velasquez-Carbona, No. 92-30152, slip op. at 3786; see also Restrepo, 930 F.2d 705, 711 (9th Cir.1991) (evidence sufficient to show defendant had knowledge of conspiracy where defendant present at meeting with conspirators on date cocaine delivered, transported cocaine, asked undercover agents for money, and opened compartments in which cocaine was hidden). There is no plain error.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3