8 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shirley BROCK, Defendant-Appellant.
 No. 91-50099.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1993.*
Decided Oct. 7, 1993.
 
 Before: FLETCHER, POOLE and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Shirley Brock appeals her convictions following a bench trial for mail fraud in violation of 18 U.S.C. § 1341. Brock contends the evidence was insufficient to sustain her convictions because two government witnesses gave incredible testimony. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 "There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the prosecution, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Reyes-Alvarado, 963 F.2d 1184, 1187-88 (9th Cir.) (quoting United States v. Adler, 879 F.2d 491, 495 (9th Cir.1988)), cert. denied, 113 S.Ct. 258 (1992). "Even the uncorroborated testimony of an accomplice is enough to sustain a conviction unless it is incredible or insubstantial on its face." United States v. Lai, 944 F.2d 1434, 1440 (9th Cir.1991), cert. denied, 112 S.Ct. 947 (1992). In evaluating the sufficiency of the evidence, we must respect the exclusive province of the trier of fact to determine the credibility of witnesses. United States v. Boone, 951 F.2d 1526, 1536 (9th Cir.1991); see also United States v. Martinez, 967 F.2d 1343, 1345 (9th Cir.1992) (where question of sufficiency turns on relative weight assigned various witnesses' testimony, "we must defer to a [trier of fact's] determination of credibility").
 
 
 4
 To prove a violation of 28 U.S.C. § 1341, the government must establish beyond a reasonable doubt that the defendant (1) formed a scheme to defraud and (2) used the mails in furtherance of the scheme. United States v. Kellogg, 955 F.2d 1244, 1247 (9th Cir.1992).
 
 
 5
 Here, Brock was convicted of two counts of mail fraud arising out of a scheme to defraud a health insurance company by filing claims in the names of fictitious care providers and receiving checks through the mail. In Count 10, Brock was found guilty of causing the insurance company to mail a fraudulently obtained check in the amount of $1,980 to her friend Frances Clark, who then cashed the check and returned the money to Brock in exchange for a $250 payment. In Count 11, Brock was found guilty of causing the insurance company to mail a fraudulently obtained check in the amount of $1,560 to Paula Johnson, Clark's sister, who then cashed the check in exchange for $250.
 
 
 6
 At trial, Clark testified to the following facts. Clark and Brock had been friends for some time when Clark mentioned to Brock that she was having trouble making her mortgage payment. Brock told Clark that she could help her out. A short time later, Clark received in the mail a check for $1,920 made out to "Frances J. Clark, DPM." Clark did not possess any kind of medical degree. Upon receiving the check, Clark immediately called Brock and told her about it. Brock told her to cash the check and then call back. Clark did so. Afterwards, Brock came to Clark's house and collected the money, giving Clark $250 of the proceeds.
 
 
 7
 Clark further testified that Brock told her she was looking for other people to whom checks could be sent. Clark mentioned that her sister, Paula Johnson, was also in need of money. Clark gave Brock Johnson's address. Johnson received a check in the mail, made payable to Paula Johnson, LXT, and cashed it. Johnson kept $250 for herself and later gave Clark a sealed envelope containing the rest of the cash. Clark called Brock and told her she had money from Johnson for Brock. Brock went to Clark's house and picked up the money.
 
 
 8
 Codefendant Danny Mitchell, who was permitted to plead guilty to one count of a five count indictment in exchange for his testimony, testified that he was involved with Brock and her husband in a scheme to obtain and cash fraudulently obtained checks from the health insurance company. He testified that on several occasions he cashed checks and gave the proceeds, less $200, to Brock's husband, and at least one time he gave the proceeds to Brock herself. He also testified that he personally spoke with Brock about the scheme after it became clear that legal action was going to be taken against the participants. Brock told him to give "the run around" to Postal Inspectors investigating the scheme.
 
 
 9
 Brock's argument regarding sufficiency of the evidence relies on her claim that Clark and Mitchell had motives to lie when they testified at trial. Because nothing about Clark's or Mitchell's testimony renders it "incredible or unsubstantial on its face," see Lai, 944 F.2d at 1440, we must defer to the trier of facts' apparent determination that their testimony was credible, see Martinez, 967 F.2d at 1345; Boone, 951 F.2d at 1536. Based on the testimony of these two accomplices to the mail fraud scheme, we hold that a rational trier of fact could conclude that Brock participated in a scheme to defraud the health insurance company and used the mails in furtherance of that scheme. See Kellogg, 955 F.2d at 1247; Lai, 944 F.2d at 1440.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3