9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Moises ESCAMILLA, Defendant-Appellant.
 No. 93-50094.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 27, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Moises Escamilla appeals his convictions following entry of a guilty plea to possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and following a bench trial for using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Escamilla contends that (1) insufficient evidence existed to sustain his conviction for use of firearm during and in relation to a drug trafficking crime and (2) the district court abused its discretion by admitting expert opinion testimony on the use of firearms by drug traffickers. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 * Sufficiency of Evidence
 
 
 4
 Escamilla contends that insufficient evidence existed to show that he used or carried a firearm during and in relation to a drug trafficking crime. This argument lacks merit.
 
 
 5
 In reviewing sufficiency of the evidence, we determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Torres-Rodriguez, 930 F.2d 1375, 1385 (9th Cir.1991).
 
 
 6
 Section 924(c) of Title 18 contains two elements: (1) knowingly using or carrying a firearm (2) during and in relation to a drug trafficking crime. United States v. Martinez, 967 F.2d 1343, 1346 (9th Cir.1992). A firearm that serves to protect a defendant or the drugs satisfies the "use" requirement. Torres-Rodriguez, 930 F.2d at 1385. The statute does not require literal use or open display of the firearm; rather, the firearm need only be available to the defendant. Martinez, 967 F.2d at 1346; United States v. Torres-Medina, 935 F.2d 1047, 1049 (9th Cir.1991). A firearm found in close proximity to the drugs strongly suggests that it is related to the narcotics operation. Torres-Medina, 935 F.2d at 1049.
 
 
 7
 Here, agents of the Bureau of Alcohol, Tobacco, and Firearms (BATF) conducted a surveillance of Escamilla's residence and observed Escamilla selling drugs in front of the building. The BATF agents executed a search warrant of Escamilla's residence. During the search, an agent asked Escamilla for identification. Escamilla directed the agent to a jacket in the living room closet. In the jacket, the agent found a .25 caliber semiautomatic pistol, a separate clip with two rounds of ammunition, $810.00 in currency, and Escamilla's wallet. When asked about the weapon, Escamilla replied, "Oh that. I got that about ten years ago." In the same closet, the agents found crack cocaine and marijuana "an arm's length" away from the jacket.
 
 
 8
 Escamilla correctly notes that the agents never saw him carry the weapon during the drug transactions. Nonetheless, the location of the firearm in Escamilla's jacket with his wallet and Escamilla's statement that he had acquired the gun supports the finding that the firearm was available to Escamilla. See Martinez, 967 F.2d at 1346 (machine gun found under mattress in a house in which the defendant was located was available to defendant even though he denied ever having seen the gun); Torres-Medina, 935 F.2d at 1049. Moreover, the close proximity of the firearm to the drugs and $810.00 in cash strongly suggests that the firearm was related to the drug trafficking crime. See Martinez, 967 F.2d at 1346 (firearm found in same room as the drugs satisfied requirement that firearm be related to the narcotics offense); Torres-Rodriguez, 930 F.2d at 1385 (heroin, drug paraphernalia, and large amounts of cash stored at residence provided sufficient evidence that defendant's firearm, which was found under her mattress, facilitated the drug operations).
 
 II
 Expert Opinion Testimony
 
 9
 Escamilla also argues that the district court erred in admitting expert opinion testimony from a BATF agent that drug traffickers keep weapons to protect their contraband. This argument lacks merit.
 
 
 10
 We review for abuse of discretion the district court's admission of expert opinion testimony. United States v. Taren-Palma, 997 F.2d 525, 534 (9th Cir.1993).
 
 
 11
 Here, Escamilla argues that agent's testimony that firearms are used in drug crimes to protect either the money or the drugs is analogous to impermissible drug courier profile evidence. We recently rejected the same argument in Taren-Palma, 997 F.2d at 534-35. There, we held that expert opinion testimony connecting a firearm to a drug transaction was admissible to explain the modus operandi of the crime charged. Id. We distinguished cases involving drug courier profile evidence because the profile may suggest that innocuous or innocent events indicate criminal activity, whereas carrying a firearm during a narcotics transaction is not innocuous conduct. Id. Accordingly, the district court did not abuse its discretion by admitting the agent's testimony. See id.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3