15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Earl BYERS, Defendant-Appellant.
 No. 92-10695.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 1, 1993.
Decided Jan. 27, 1994.
 
 1
 Before: KOZINSKI and O'SCANNLAIN, Circuit Judges, and KELLEHER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Earl Byers appeals his conviction for various drug-related offenses, including conspiring to manufacture methamphetamine, in violation of 21 U.S.C. Sec. 846, and using a firearm during a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c)(1).
 
 I.
 
 4
 Byers claims that insufficient evidence existed on which a jury could convict him of violating 21 U.S.C. Sec. 846 and 18 U.S.C. Sec. 924(c)(1). We review the sufficiency of the evidence to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 5
 The essential elements of a conspiracy are: (1) an agreement to accomplish an illegal objective; (2) one or more overt acts in furtherance of the illegal objective; and (3) the requisite intent necessary to commit the underlying substantive offense. United States v. Disla, 805 F.2d 1340, 1348 (9th Cir.1986). These elements may be proven by circumstantial evidence that the defendants acted together for a common illegal goal. Id.
 
 
 6
 The essential elements of the crime of using a firearm during a drug trafficking offense are: (1) knowingly using or carrying a firearm (2) during and in relation to a drug trafficking offense. United States v. Martinez, 967 F.2d 1343, 1346 (9th Cir.1992). The firearm need not be displayed or brandished, and its close proximity to drugs can, by itself, support a finding that the firearm was related to the drug trafficking offense. United States v. Torres-Medina, 935 F.2d 1047, 1049 (9th Cir.1991).
 
 
 7
 We are convinced that the government provided sufficient evidence to establish the elements for both of these offenses. On the record before us, a rational jury could have found that Byers violated 21 U.S.C. Sec. 846 and 18 U.S.C. Sec. 924(c)(1).
 
 II.
 
 8
 Byers also argues that the district court's failure to hold a hearing pursuant to Franks v. Delaware, 438 U.S. 165 (1978), requires reversal of his conviction. A district court's determination whether to hold a Franks hearing is reviewed de novo. United States v. Dozier, 844 F.2d 701, 704 (9th Cir.), cert. denied, 488 U.S. 927 (1988).
 
 
 9
 If a warrant is based upon inaccurate information, it can be invalidated. Franks, 438 U.S. at 155-56. Before a court is required to hold a Franks hearing, the following criteria must be met: "(1) the defendant must allege specifically which portions of the warrant affidavit are claimed to be false; (2) the defendant must contend that the false statements or omissions were deliberately or recklessly made; (3) a detailed offer of proof, including affidavits, must accompany the allegations; (4) the veracity of only the affiant must be challenged; and (5) the challenged statements must be necessary to find probable cause." United States v. Dicesare, 765 F.2d 890, 894-95 (9th Cir.1985), amended on other grounds, 777 F.2d 543 (9th Cir.1985).
 
 
 10
 The district court, in a seventeen-page order, addressed every challenge that Byers made in his Franks motion before it denied Byers' request for a Franks hearing. On the record before us, it is clear that Byers' challenge with respect to information supplied by the informant Jesse Baldenegro fails the fourth Dicesare requirement above. Similarly all other challenges fail either one or more of the Dicesare requirements. We are therefore satisfied that the district court properly denied Byers' request for a Franks hearing.
 
 III.
 
 11
 Byers' final argument relates to statements made by the prosecutor during closing argument to the effect that the firearms discovered in Byers' residence were loaded. Byers argues that these statements constitute prosecutorial misconduct, yet Byers failed to object to these alleged errors at trial.
 
 
 12
 In the absence of a timely objection by defense counsel, we review claims of prosecutorial misconduct in closing argument to determine whether the comments of the prosecutor rose to the level of plain error. United States v. Young, 470 U.S. 1, 14 (1985). Whether or not the firearms were loaded is not an element of any offense for which Byers was charged. Defense counsel, in his closing argument, repeatedly stressed that the firearms were not loaded. While the prosecutor did in fact mention on two occasions during his closing argument that the firearms were loaded, we are convinced that these statements do not arise to the level of plain error necessary to reverse Byers' conviction.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3