24 F.3d 252
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gustavo SOLIZ, Defendant-Appellant.
 No. 93-30265.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 18, 1994.
 
 Before: HUG, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gustavo Soliz appeals his conviction, following a jury trial, for carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1). He was also convicted of conspiracy to manufacture, manufacturing and possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 841(a)(1), 846 and willfully structuring transactions with a financial institution in violation of 31 U.S.C. Sec. 5324(3). Soliz contends that the evidence was insufficient to support the firearm conviction. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We will overturn a conviction only if, viewing all the evidence in the light most favorable to the government, we determine that no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Martinez, 967 F.2d 1343, 1345 (9th Cir.1992) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 4
 To prove a violation of section 924(c)(1), the government must establish two elements: "the defendant (1) knowingly used or carried a firearm or machinegun (2) during and in relation to a drug trafficking crime." Martinez, 967 F.2d at 1346; accord United States v. Torres-Medina, 935 F.2d 1047, 1048-49 (9th Cir.1991). Section 924 does not require literal use or open display of a firearm. Martinez, 967 F.2d at 1346. The use requirement is satisfied if the firearm was "available" to the defendant. Torres-Medina, 935 F.2d at 1049. A firearm may be considered available if its physical proximity to the defendant at any time during the commission of the crime supports the inference that it emboldened the defendant to commit the underlying crime. Id. at 1050.
 
 
 5
 At trial, the government introduced the following evidence: Soliz and his coconspirators grew a large quantity of marijuana in a house owned by Soliz. Police officers discovered the marijuana during a valid search of the home. During the search, the officers found the loaded firearm underneath a mattress in a bedroom of the house. Although he apparently did not live in the house, the investigating officers observed Soliz repeatedly entering and leaving the house during their surveillance of the property. The officers also observed that Soliz wore a distinctive hat. The officers found an identical hat in the bedroom where the gun was discovered. In addition, the officers found a receipt for the firearm in Soliz' car, made out to "Gustavo Soliz, Sunnyside, Washington." The serial number of the firearm found under the bed matched the serial number on the receipt.
 
 
 6
 In light of these facts, a rational jury could conclude that the firearm was available to Soliz and emboldened him in the commission of the drug offense. See Martinez, 967 F.2d at 1346 (evidence sufficient where the firearm and machinegun were found in the same room as the drugs); Torres-Medina, 935 F.2d at 1050 (evidence sufficient where firearm and drugs found in crawl space underneath house of handicapped drug dealer who did not himself have access to the crawl space).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3