28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jin Feng ZENG; Jin Huang, a.k.a. Jin Huan Zeng,
Defendants-Appellants.
 Nos. 93-10445, 93-10475.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1994.*
Decided May 31, 1994.
 
 Before: SKOPIL, NORRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jim Feng Zeng ("Feng") and Jin Huan Zeng ("Huan") appeal their convictions for conspiring to violate and for violating 18 U.S.C. Sec. 1028(a)(2) by knowingly creating and transferring false immigration entry permits. They argue that the evidence is insufficient to prove (1) that the permits were "false identification" documents; (2) that there was an agreement in furtherance of the alleged conspiracy; (3) that Huan was not entrapped by the government to commit the crime; and (4) that Feng actually transferred a falsified entry permit. We affirm.
 
 DISCUSSION
 1. False Identification Documents
 
 3
 Feng and Huan contend that the government failed to prove that the entry permits at issue in this case were intended to be used as "identification documents" as required by 18 U.S.C. Sec. 1028(d)(1). We disagree. The statute defines such documents as those "which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals." 18 U.S.C. Sec. 1028(d)(1). The Chief of Immigration for CNMI testified that entry permits are issued to aliens seeking to travel in CNMI, that the numbered permits cannot be issued to two different people, and that an alien is required to retain the document and to show it upon request to an immigration official. Such testimony is sufficient to allow a jury to conclude that the false entry permits were "identification documents."
 
 2. Conspiracy
 
 4
 Feng and Huan contend that there is insufficient evidence to prove there was an agreement between them to transfer a false entry permit to Wu (for his brother Qiang). There is no question, however, that Huan transferred the falsified entry permit to Wu. At issue therefore is Feng's participation.
 
 
 5
 The record shows that Wu obtained a false entry permit and a letter of guarantee. There was testimonial evidence that Feng (not Huan) had acquired several blank entry permits including three that contained forged signatures and that Feng (not Huan) purchased signed but otherwise blank letters of guarantee. Moreover, there is ample evidence of Feng's involvement in the sale of an entry permit to Wu for the benefit of his wife, Zhao Yu Lian. This is clearly circumstantial evidence from which the jury was entitled to infer Feng's role. See United States v. Molinaro, 11 F.3d 853, 861-862 (9th Cir.1993) (jury can infer agreement from circumstantial evidence); United States v. Taren-Palma, 997 F.2d 525, 536 (9th Cir.1993) (same), cert. denied, 114 S.Ct. 1648 (1994).
 
 3. Entrapment
 
 6
 Huan contends that the government failed to present sufficient evidence to rebut his entrapment defense. We agree that some of the evidence tends to show that Huan was reluctant to agree to Wu's requests and accordingly, may not have been predisposed to commit the crime. Nonetheless, the evidence also indicates that this reluctance may have been due to Huan's desire to transact the unlawful business without getting caught. Here, the jury resolved the conflicting testimony to conclude that Huan was not entrapped. We will not overturn the verdict. "It is inappropriate for an appellate court to determine whether a defendant was entrapped when such a determination would necessarily entail choosing between conflicting witnesses and judging credibility." United States v. Davis, 15 F.3d 902, 908 (9th Cir.1994) (internal quotations omitted).
 
 4. Count III
 
 7
 Feng alone was convicted on count III of providing Wu with a false entry permit for Zhao Yu Lian. He contends that the testimonial evidence offered by the government was not competent because the witnesses lied, and they testified only as a result of "deals" with the government. This argument, however, is essentially a challenge to the weight the jury assigned to the witnesses' testimony. The jury here was fully informed of the witnesses' agreements with the government and their involvement in the activities that led to the charges against Feng. See United States v. Brooke, 4 F.3d 1480, 1489 (9th Cir.1993) (jury is entitled to hear probative evidence of witness' bias). The witnesses' testimony was not "incredible or unsubstantial on its face" so as to justify limiting the jury's role. United States v. Escalante, 637 F.2d 1197, 1200 (9th Cir.), cert. denied, 449 U.S. 856 (1980). Accordingly, we must defer to the jury's determinations of credibility. United States v. Martinez, 967 F.2d 1343, 1345 (9th Cir.1992).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3