29 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rojelio HINOJOSA-TORRES, Defendant-Appellant.
 No. 90-50473.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 21, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rogelio Hinojosa-Torres appeals his convictions following a jury trial for conspiracy to possess and possession with intent to distribute cocaine in violation of 21 U.S.C. Secs. 841(a)(1), 846. Counsel for Hinojosa-Torres filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), which identifies two issues for review: (1) whether the district court erred by denying Hinojosa-Torres' motion to suppress his confession; and (2) whether the government presented sufficient evidence to support the convictions. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm the conviction and we grant counsel's motion to withdraw.
 
 
 3
 * Voluntariness
 
 
 4
 Hinojosa-Torres contends that the district court erred by denying his motion to suppress his confession because he was physically beaten until he signed it. We disagree.
 
 
 5
 We accept the district court's factual findings regarding the voluntariness of a confession unless clearly erroneous. United States v. Jenkins, 938 F.2d 934, 937 (9th Cir.1991). We review de novo the district court's determination that the confession was voluntary. Id.
 
 
 6
 "The test [for voluntariness] is whether, considering all the circumstances, the government obtained the statement by physical or psychological coercion or by improper inducement so that the suspect's will was overborne." United States v. Leon Guerrero, 847 F.2d 1363, 1366 (9th Cir.1988).
 
 
 7
 Here, Detective Frank Yan testified that Hinojosa-Torres was advised of and waived his Miranda rights. Hinojosa-Torres admitted that he was in the drug business and worked for a person named "Flaco." Hinojosa-Torres delivered cocaine and collected money for Flaco. Hinojosa-Torres admitted that on the evening of his arrest, he had arranged to collect money for two kilos of cocaine from a co-defendant, Edward Flourney. Detective Yan transcribed Hinojosa-Torres' confession to Spanish. Hinojosa-Torres read the statement, made some corrections and signed it.
 
 
 8
 At the suppression hearing, Hinojosa-Torres testified that no one advised him that he had the right to an attorney; that some police officers beat him; that he never confessed but was told to sign a paper; and that he signed a paper without reading it so that the law enforcement officers would stop hitting him. Hinojosa-Torres denied that the written corrections to the statement were in his writing.
 
 
 9
 Although Hinojosa-Torres' girlfriend testified that she heard loud noises coming from the room in which the officers questioned Hinojosa-Torres, Drug Enforcement Administration Agent Rypka testified in rebuttal that he had escorted her from the building before questioning Hinojosa-Torres.
 
 
 10
 Denying the motion to suppress the confession, the district court implicitly resolved all credibility issues in favor of the government. See United States v. Vasquez, 858 F.2d 1387, 1391 (9th Cir.1988), ("Credibility determinations ... are matters left to the trier of fact."), cert. denied, 488 U.S. 1034 and 489 U.S. 1029 (1989). Because the district court rejected Hinojosa-Torres' evidence that his confession had been physically coerced, we hold that it did not err by denying the motion to suppress the confession. See Jenkins, 938 F.2d at 937.
 
 II
 Sufficiency of the Evidence
 
 11
 Hinojosa-Torres also contends that the evidence was insufficient to support his conviction. We disagree.
 
 
 12
 There is sufficient evidence to support a conviction if, viewing the evidence presented against the defendant in the light most favorable to the government, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). "The relevant inquiry is not whether the evidence excludes every hypothesis except guilt, but whether the jury could reasonably arrive at its verdict." United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991).
 
 
 13
 Here, the following evidence was adduced at trial. Hinojosa-Torres supplied Flourney with two kilos of cocaine. Flourney agreed to arrange a monitored purchase of cocaine from Hinojosa-Torres. In a tape-recorded telephone conversation with Hinojosa-Torres, Flourney ordered two kilos of cocaine from Hinojosa-Torres. In a subsequent recorded telephone call, Hinojosa-Torres told Flourney he could not have two more kilos until he paid for the previous delivery. Hinojosa-Torres arranged a meeting to collect the outstanding debt. Flourney and Hinojosa-Torres discussed payment for cocaine using the code terms "tires" and "tickets" for cocaine and money in their telephone conversations. Finally, Hinojosa-Torres' confession that he was distributing drugs for "Flaco" was admitted into evidence. We conclude that this evidence suffices to sustain Hinojosa-Torres' convictions for conspiracy to possess and possession of cocaine with intent to distribute. See United States v. Penagos, 823 F.2d 346, 348 (9th Cir.1987) (crime of conspiracy comprises three elements: (1) an agreement to accomplish an illegal objective, (2) one or more acts in furtherance of the illegal purpose, and (3) the intent requisite for the underlying substantive offense); see also United States v. Martinez, 967 F.2d 1343, 1345 (9th Cir.1992) (crime of possession with intent to distribute includes two elements: (1) knowing or intentional possession, and (2) intent to distribute).
 
 
 14
 Counsel's motion to withdraw is GRANTED, and the judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3