12 F.3d 1110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Julian SALGUIERO-DUARTE, Defendant-Appellant.
 No. 92-30227.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 1, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Julian Salguiero-Duarte appeals his convictions following jury trial for conspiracy to distribute and to possess with intent to distribute heroin, possession with intent to distribute heroin, and attempt to distribute heroin in violation of 21 U.S.C. Sec. 841(a)(1). Salguiero-Duarte contends (1) insufficient evidence existed to sustain his convictions; (2) expert opinion testimony was improperly admitted; and (3) the jury instructions omitted the drug quantity element. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 * Sufficient Evidence
 
 
 4
 Salguiero-Duarte contends that insufficient evidence existed to support his convictions. This contention lacks merit.
 
 
 5
 In the absence of a motion for acquittal, we review for plain error the sufficiency of the evidence. United States v. Hernandez, 876 F.2d 774, 777 (9th Cir.), cert. denied, 493 U.S. 863 (1989), and cert. denied, 493 U.S. 863 (1989).[1]
 
 
 6
 To prove a conspiracy, the government must show (1) an agreement to engage in criminal activity; (2) one or more overt acts in furtherance of the conspiracy; and (3) the intent necessary to commit the underlying substantive offense. United States v. Rubio-Villareal, 927 F.2d 1495, 1499 (9th Cir.1991), on reh'g, 967 F.2d 294 (9th Cir.1992). " 'An implicit agreement may be inferred from the facts and circumstances of the case.' " Hernandez, 876 F.2d at 777 (quoting United States v. Monroe, 552 F.2d 860, 862 (9th Cir.), cert. denied, 431 U.S. 972 (1977)). Uncorroborated accomplice testimony provides sufficient evidence unless it is incredible on its face. United States v. Lai, 944 F.2d 1434, 1440 (9th Cir.1991), cert. denied, 112 S.Ct. 947 (1992). We must defer to the jury's assessment of credibility. United States v. Martinez, 967 F.2d 1343, 1345 (9th Cir.1992).
 
 
 7
 "To sustain a conviction for possession with intent to distribute heroin, the government must prove that the defendant (1) knowingly (2) possessed the heroin (3) with intent to distribute it." United States v. Walitwarangkul, 808 F.2d 1352, 1353 (9th Cir.), cert. denied, 481 U.S. 1023 (1987). A defendant's power to dispose of the drug, either personally or through an agent, may demonstrate constructive possession, but mere presence on the property where contraband is located is insufficient. United States v. Smith, 962 F.2d 923, 929 (9th Cir.1992); United States v. Sanchez-Mata, 925 F.2d 1166, 1168-69 (9th Cir.1991). The presence of drug sale paraphernalia and a large quantity of drugs may show an intent to distribute. Martinez, 967 F.2d at 1345.
 
 
 8
 To sustain a conviction for attempt to distribute heroin, the government must establish culpable intent and conduct constituting a substantial step toward commission of the crime that strongly corroborates that intent. United States v. DeRosa, 670 F.2d 889, 894 (9th Cir.), cert. denied, 459 U.S. 993 (1982), and cert. denied, 459 U.S. 1014 (1982).
 
 
 9
 Here, police officers and Drug Enforcement Administration agents surveilled a controlled drug transaction in a hotel room. The informant, Larry Lennon, wore a radio transmitter and negotiated with Marcelo Chassaigne, Debra Pfiefer, and Lorenzo Nava-Cervantes to purchase six to eight ounces of black tar heroin at $5,000 to $5,500 per ounce. The police overheard Chassaigne tell Lennon that "Julio ... [who] works at the Lombard Shell Station" would be able to supply the heroin. Police Sergeant Edward May, who believed "Julio" referred to Salguiero-Duarte, went to the Shell station where Salguiero-Duarte worked and saw Chassaigne and Pfiefer meet Salguiero-Duarte and George Elias, the owner of the station. After a short time Elias followed Chassaigne and Pfiefer back to the hotel room and was arrested as he attempted to flush the heroin down the toilet.
 
 
 10
 Elias cooperated with the officers by allowing them to tape record a telephone call to Salguiero-Duarte. During that conversation, Elias confirmed that he had completed the deal and asked if Salguiero-Duarte could acquire "a big quantity" because "it's really good stuff." Salguiero-Duarte said "yes" and asked Elias to come back to the station to talk about it. Elias asked if he should bring the money and Salguiero-Duarte said "yes."
 
 
 11
 When arrested at the station, Salguiero-Duarte was wearing a pager. A search of the gas station uncovered scales, a cocaine testing device, $6,000, and heroin.
 
 
 12
 Pursuant to a plea agreement, Elias agreed to testify against Salguiero-Duarte in exchange for an eighteen-month custodial sentence and a recommendation against deportation. At trial, Elias testified that Salguiero-Duarte supplied the heroin, asked him to deliver it because Salguiero-Duarte feared he was under surveillance, agreed to pay him for making the delivery, and instructed him to bring the $30,000 back to the station.
 
 
 13
 Salguiero-Duarte argues that he was merely present at the gas station when the drug transaction took place. We reject this argument. The sequence of events--Chassaigne identified "Julio" as a supplier during negotiations, Chassaigne and Pfiefer met Salguiero-Duarte, and then Elias delivered the heroin--provides circumstantial evidence that Salguiero-Duarte acted in concert with Chassaigne, Pfiefer, and Elias to deliver heroin to the buyer at the hotel. See Hernandez, 876 F.2d at 777. Moreover, Elias testified that Salguiero-Duarte supplied the heroin and asked him to deliver it, and the recorded telephone conversation shows that Salguiero-Duarte participated in the deal, expected to be paid, and was willing to supply additional quantities. See United States v. Garza, 980 F.2d 546, 552 (9th Cir.1992) (evidence that defendant was source of narcotics and arranged for middleperson to transport them to buyer was sufficient to sustain distribution conviction); Smith, 962 F.2d at 929.
 
 
 14
 In addition, the large quantity of heroin and the presence of scales, a pager, and large amounts of cash at the gas station where Salguiero-Duarte worked indicate that he had an intent to distribute heroin. See Martinez, 967 F.2d at 1345 (packaging equipment, scales, pager, and large quantity of drugs supported finding of intent to distribute cocaine).
 
 
 15
 Although Salguiero-Duarte challenges Elias's credibility in light of his favorable plea agreement, we must defer to the jury's assessment of credibility. See id. Moreover, Elias's testimony was not facially implausible and was corroborated by Chassaigne's statement that "Julio" was a supplier and Salguiero-Duarte's statements during the telephone conversation. See Lai, 944 F.2d at 1440.
 
 
 16
 Accordingly, no plain error resulted from Salguiero-Duarte's convictions.
 
 II
 Expert Opinion Testimony
 
 17
 Salguiero-Duarte contends that the district court improperly allowed expert opinion testimony that Salguiero-Duarte was guilty by admitting "drug dealer profile" evidence. This contention lacks merit.
 
 
 18
 We review for abuse of discretion the district court's decision to admit expert opinion testimony. United States v. Taren-Palma, 997 F.2d 525, 534 (9th Cir.1993). When the defendant fails to object below, however, we review for plain error. United States v. Gomez-Norena, 908 F.2d 497, 500 (9th Cir.), cert. denied, 498 U.S. 947 (1990).[2]
 
 
 19
 A drug courier profile is "an abstract of characteristics found to be typical of persons transporting illegal drugs." Florida v. Royer, 460 U.S. 491, 493 n. 2 (1983). Drug courier profile testimony is not admissible as substantive evidence of guilt. United States v. Lui, 941 F.2d 844, 848 (9th Cir.1991). An expert cannot opine about the defendant's guilt. United States v. Bosch, 914 F.2d 1239, 1243 (9th Cir.1990). Nonetheless, law enforcement officers may give expert testimony that a defendant's activities were in accord with usual criminal modus operandi. United States v. Espinosa, 827 F.2d 604, 612 (9th Cir.1987), cert. denied, 485 U.S. 968 (1988); see, e.g., United States v. Gomez-Osorio, 957 F.2d 636, 641-42 (9th Cir.1992) (admitting expert testimony that defendant's use of pagers indicated he was a money launderer); United States v. Jaramillo-Suarez, 950 F.2d 1378, 1384 (9th Cir.1991) (expert testimony that pagers used frequently in drug trafficking was relevant evidence).
 
 
 20
 Here, Sergeant May testified that drug dealers commonly use pagers and that flight prior to trial was inconsistent with the method of operation of drug dealers.
 
 
 21
 The officer's testimony cannot be reasonably characterized as a drug courier profile. Cf. Lui, 941 F.2d at 848 (profile included carrying hard-sided suitcase, traveling for stated purpose of visiting a relative, itinerary with multiple stops for short periods of time via a non-source country, and using pagers). Instead, the officer's testimony explained that pagers and pretrial flight are consistent with the method of operation of drug trafficking. See Gomez-Osorio, 957 F.2d at 641; Jaramillo-Suarez, 950 F.2d at 1384. The testimony did not amount to Sergeant May's opinion on Salguiero-Duarte's guilt. See Bosch, 914 F.2d at 1243 (testimony directed at whether defendant's activities helped the distribution, not defendant's guilt). Moreover, the district court instructed the jury to give expert testimony as much or as little weight as they thought it deserved. See Espinosa, 827 F.2d at 613. Therefore, the district court did not commit plain error by admitting the expert opinion testimony.
 
 III
 Quantity of Heroin
 
 22
 Finally, Salguiero-Duarte contends that the quantity of heroin was an essential element of the offenses and was omitted from the jury instructions. We reject this argument.
 
 
 23
 We review de novo whether jury instructions misstated elements of a statutory crime. United States v. Johnson, 956 F.2d 197, 199 (9th Cir.1992). We review for plain error when no objection is made to the jury instructions given. United States v. Boone, 951 F.2d 1526, 1541 (9th Cir.1991).
 
 
 24
 We have rejected Salguiero-Duarte's argument, holding that "[s]ection 841(a) does not specify drug quantity as an element of the substantive offense ...; quantity is instead relevant to the penalty provisions of section 841(b), and is a matter for the district court at sentencing." United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991), cert. denied, 112 S.Ct. 1186 (1992); accord United States v. Eddy, 549 F.2d 108, 111 (9th Cir.1976) (statute contains no minimum amount requirement). Accordingly, the district court did not err.
 
 
 25
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Salguiero-Duarte's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Salguiero-Duarte argues that even though his attorney failed to preserve the issue for appeal, we should apply a less rigorous standard of review. We reject this argument. See Hernandez, 876 F.2d at 777-78 (applying plain error standard when defendant waived error). To the extent that Salguiero-Duarte contends his attorney rendered ineffective assistance of counsel by not preserving the issue, we decline to entertain the claim in this direct appeal. See United States v. Pope, 841 F.2d 954, 958 (9th Cir.1988) (more appropriate to raise ineffective assistance of counsel claim in a collateral proceeding)
 
 
 [2]
 Salguiero-Duarte argues his counsel's ineffectiveness in failing to object to the testimony should prompt this court to review for abuse of discretion. We decline to resolve the ineffective assistance of counsel claim in this direct appeal. See Pope, 841 F.2d at 958
 Salguiero-Duarte also challenges the admissibility of the evidence of his flight on the ground that the flight was remote in time and therefore was not connected to his guilt of the charged crimes. Here, Salguiero-Duarte had been arrested, arraigned, and present at a motions hearing. One week before trial, Salguiero-Duarte failed to report to the probation office and the court issued an arrest warrant. Given Salguiero-Duarte's actual knowledge of the charges and the close proximity of Salguiero-Duarte's flight to his trial date, the district court did not abuse its discretion by admitting this evidence. See United States v. Guerrero, 756 F.2d 1342, 1347 (9th Cir.) (escape day before arraignment strongly suggested flight motivated by pending charges), cert. denied, 469 U.S. 934 (1984); United States v. Hernandez-Miranda, 601 F.2d 1104, 1107 (9th Cir.1979) (flight a few days prior to trial by defendant who knew about charges supported inference of consciousness of guilt).